Ryan L. Marshall
Utah State Bar No. 9529
BRINKS HOFER GILSON & LIONE
222 South Main Street, Suite 1930
Salt Lake City, UT 84101-2001
(801) 355-7900 (phone)
(801) 355-7901 (fax)
rmarshall@brinkshofer.com

David S. Fleming (pro hac vice motion pending)
Howard S. Michael (pro hac vice motion pending)
Joshua S. Frick (pro hac vice motion pending)
Virginia Wolk (pro hac vice motion pending)
BRINKS HOFER GILSON & LIONE
455 North Cityfront Plaza Drive, Suite 3600
Chicago, Illinois  60611
(312) 321-4200 (phone)
(312) 321-4299 (fax)
dfleming@brinkshofer.com
hmichael@brinkshofer.com
jfrick@brinkshofer.com
vwolk@brinkshofer.com

Attorneys for Defendant Yahoo! Inc.

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DAZZLESMILE, LLC, and OPTIMAL HEALTH SCIENCE, LLC,<br><br>      Plaintiffs,<br><br>vs.<br><br>EPIC ADVERTISING, INC., et al.<br><br>      Defendants. | Case No.:  2:09-CV-1043 (PMW)<br><br>DEFENDANT YAHOO! INC.'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM<br><br>JURY DEMANDED |

Defendant Yahoo! Inc. ("Yahoo!") responds as follows to the First Amended Verified Complaint of Plaintiffs Dazzlesmile, LLC and Optimal Health Science, LLC ("Plaintiffs") in the above-referenced action. For the Court's convenience, the language of each allegation paragraph in the First Amended Verified Complaint is repeated in single space and is followed by Yahoo!'s response in double space.

## GENERAL DENIAL

Unless specifically admitted below, Yahoo! denies each and every allegation in Plaintiffs' First Amended Verified Complaint. Yahoo! also denies that Plaintiffs are entitled to any of their requested relief.

1.      This Court has subject-matter jurisdiction over the claims in this action, which arise, in part, under 15 U.S.C. §1051 *et seq.* (the "Lanham Act"), 18 U.S.C. §1964 ("RICO"), 35 U.S.C. §292, 28 U.S.C. §1338 and 28 U.S.C. §1331, for violations of federal law relating to unfair competition and false advertising, trade name infringement, trademark and trade name dilution, cyber piracy, false patent marking and racketeering.

**RESPONSE:**

Yahoo! admits that the First Amended Verified Complaint sets out the purported claims for relief and that such claims form the basis for subject matter jurisdiction, but denies that any of these claims has merit. Yahoo! is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 1 and therefore denies those allegations.

2.      This Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367(a) over Plaintiffs' Utah state law claims as those claims are so related to the federal claims that they

form part of the same case or controversy and derive from a common nucleus of operative facts.

**RESPONSE:**

Yahoo! is without knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 2 and therefore denies those allegations.

3.    The Court also has subject matter jurisdiction over this action under 28 U.S.C. §1332 on the basis of the diversity of citizenship of the parties and because the amount in controversy greatly exceeds $75,000.

**RESPONSE:**

Yahoo! is without knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 3 and therefore denies those allegations.

4.    Venue is proper in the United States District Court, District of Utah, pursuant to 28 U.S.C. §1391.  The infringing advertisements and products that are the subject of this First Amended Verified Complaint were advertised and distributed or offered for distribution in Utah.  Plaintiffs were damaged in Utah and the claims alleged in this action arose in Utah.

**RESPONSE:**

Yahoo! is without knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 4 and therefore denies those allegations.

5.    All of the Defendants are subject to the personal jurisdiction of this Court. Defendants conduct business in the United States and Utah including entering into ongoing contractual relationships with United States and Utah residents and purposely directing substantial activities at residents of the United States and Utah by means of the internet advertisements described herein and by selling and mailing various teeth whitening products to United States and Utah residents.  This lawsuit arises out of or relates to those activities.

**RESPONSE:**

Yahoo! admits that it is subject to personal jurisdiction in this Court.  Yahoo! is

without knowledge or information sufficient to form a belief as to the truth of the remaining

allegations in Paragraph 5and therefore denies those allegations.

6.     This case involves mass marketplace and consumer confusion and deception
created by Defendants in the advertising and sale of teeth whitening products, many of which
are counterfeits and knock-offs of dazzlesmile products.

**RESPONSE:**

Yahoo! admits that the First Amended Verified Complaint sets out the purported

allegations but denies that any of these allegations has merit as they relate to Yahoo!.

Yahoo! is without knowledge or information sufficient to form a belief as to the truth of the

remaining allegations in Paragraph 6 and therefore denies those allegations.

7.     Optimal is a Utah limited liability company with its headquarters in Salt Lake

City, Utah.

**RESPONSE:**

Yahoo! is without knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 7 and therefore denies those allegations.

8.     dazzlesmile is also a Utah limited liability company, with its headquarters in
Salt Lake City, Utah.  dazzlesmile manufactures and distributes the dazzlesmile™ "on the
go" teeth whitening system.  dazzlesmile is a wholly-owned subsidiary of Optimal.

**RESPONSE:**

Yahoo! is without knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 8 and therefore denies those allegations.

4

9.    Optimal and dazzlesmile jointly own the trademark "dazzlesmile™" (the "dazzlesmile mark").

**RESPONSE:**`

Yahoo! is without knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 9 and therefore denies those allegations.

10.    The dazzlesmile mark and trade name have been used in association with the sale of teeth whitening products since at least January 11, 2005.

**RESPONSE:**

Yahoo! is without knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 10 and therefore denies those allegations.

11.    Defendant Epic Advertising, Inc. is purportedly a registered Delaware corporation also known as Azoogle.com, Inc., AzoogleAds US, Inc., and Epic/Azoogle. Epic Advertising, Inc. is in the business of internet and search engine marketing.

**RESPONSE:**

Yahoo! is without knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 11 and therefore denies those allegations.

12.    Defendant AzoogleAds US, Inc. is a non-public Delaware corporation owned entirely by Defendant Azoogle.com, Inc., which is a Delaware corporation.  AzoogleAds US, Inc. and Azoogle.com, Inc. are currently doing business throughout the United States, including in Utah, under the name "Epic Advertising," "Epic Advertising, Inc." or "Epic/Azoogle."

**RESPONSE:**

Yahoo! is without knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 12 and therefore denies those allegations.

13.    On information and belief, "Epic Advertising" came about as part of a re-branding to downplay and hide that it is in fact "Azoogle," primarily because Azoogle is widely known as having been the target of multiple investigations and lawsuits regarding

5

SPAM emails and entering into a settlement with the Florida Attorney General regarding alleged ads that offered "free" ringtones but instead tricked consumers into signing up for paid ringtone subscriptions.

**RESPONSE:**

Yahoo! is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 and therefore denies those allegations.

14.    Hereinafter, Defendants Epic Advertising, Inc., AzoogleAds US, Inc., and Azoogle.com, Inc. are collectively referred to as "Epic."

**RESPONSE:**

Yahoo! is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 and therefore denies those allegations.

15.    Defendant Jesse Willms is now, and at all times mentioned in the Complaint has been, an individual residing in Canada with his residence at 527, 52328 Range Road 233, Sherwood Park, Alberta, Canada and principal place of business in Alberta, Canada.  Jesse Willms, however, conducts significant business on the internet throughout the United States, including in Utah.

**RESPONSE:**

Yahoo! is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 and therefore denies those allegations.

16.    Defendant Jesse Willms has been the target of multiple investigations and lawsuits regarding unfair competition, false advertising and deceptive business practices, trademark and copyright infringement, product counterfeiting, and trafficking in counterfeited products.  Jesse Willms is known to have entered into at least three substantial settlements to resolve those charges.

**RESPONSE:**

Yahoo! is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 and therefore denies those allegations.

17.     Defendant 1021018 Alberta Ltd. ("1021018") is a Numbered Alberta Canadian Corporation.  Defendant Jesse Willms is a director and 100% shareholder of 1021018 and personally participated in and had the right and ability to supervise, direct and control the wrongful conduct by 1021018, as alleged in this First Amended Verified Complaint and derived direct financial benefit from such conduct.

**RESPONSE:**

Yahoo! is without knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 17 and therefore denies those allegations.


18.     Additionally, 1028018 registered and owns the trade name "Just Think Media" and does business as "Just Think Media."  Willms and 1028018 use "Just Think Media," (http://justthinkmedia.com) as an internet marketing company that purportedly creates products and then markets those products using internet advertising practices including the use of affiliate advertising, web sites, banner ads, email marketing and contextual advertising.  Jesse Willms personally participates in and had the right and ability to supervise, direct and control the wrongful conduct by "Just Think Media" as alleged in this First Amended Verified Complaint and derived direct financial benefit from such conduct.

**RESPONSE:**

Yahoo! is without knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 18 and therefore denies those allegations.


19.     Defendant Farend is a company registered in Cyprus that purports to sell teeth whitening products.  Its only shareholder of record is Nomilink Management, Ltd., another company registered in Cyprus.  Farend also operates the following post office box in Des Moines, Iowa:  Post Office Box 10276, Des Moines, Iowa 50381 and also lists 22100 East 26th Avenue, #100, Aurora, Colorado 80019 as its contact address on at least one of its websites.

**RESPONSE:**

Yahoo! is without knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 19 and therefore denies those allegations.


20.     On information and belief, Defendants Jesse Willms, 1021018 and Just Think Media use Defendant Farend as a dba to be a public front address (although it is located in

Cyprus) in order to sell the teeth whitening products and other products purportedly developed by Just Think Media.

**RESPONSE:**

Yahoo! is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 and therefore denies those allegations.

21.     On information and belief, Defendant Jesse Willms personally participated in and had the right and ability to supervise, direct and control the wrongful conduct by Farend, 1021018, and Just Think Media, as alleged in this First Amended Verified Complaint and derived direct financial benefit from such conduct.

**RESPONSE:**

Yahoo! is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 and therefore denies those allegations.

22.     Upon information and belief, at all times Defendants Jesse Willms, Farend and 1021018 were the principals, agents, affiliates, partners, co-conspirators or alter-egos of each other, and each acted within the course, scope and authority of such relationships and ignored corporate formalities so that, as a result, Willms, Farend and 1021018 are in fact alter egos of one another and are jointly and severally liable for the acts alleged herein.  Hereinafter, Willms, Farend and 1021018 are collectively referred to as the "Willms Defendants."

**RESPONSE:**

Yahoo! is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 and therefore denies those allegations.

23.     Defendant AtLast Holdings, Inc. ("AtLast") is a Colorado corporation with its corporate headquarters and principal place of business located at 22100 East 26th Avenue, #100, [*sic*]

**RESPONSE:**

Yahoo! is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 and therefore denies those allegations.

24.     Defendant Neverblue Media, Inc. ("Neverblue") is a Canadian corporation with its headquarters in Victoria, British Columbia, Canada.  Neverblue is a wholly owned subsidiary of Vertrue, Inc., which is a wholly owned subsidiary of Velo Holdings, Inc. Similar to Epic, Neverblue is an internet marketing company that utilizes a network of affiliates in its online advertising and marketing campaigns.

**RESPONSE:**

Yahoo! is without knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 24 and therefore denies those allegations.


25.     Defendant Google, Inc. is a publicly held corporation that was incorporated in California in September 1998 and reincorporated in Delaware in August 2003.  Its headquarters are located at 1600 Amphitheatre Parkway, Mountain View, California 94043. Google, Inc. owns or controls the website www.google.com.

**RESPONSE:**

Yahoo! is without knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 25 and therefore denies those allegations.


26.     Defendant Yahoo! Inc. is a publicly held corporation that is incorporated in Delaware.  Its headquarters are located at 701 First Avenue, Sunnyvale, California 94089. Yahoo! Inc. owns or controls the website www.yahoo.com.

**RESPONSE:**

Yahoo! admits the allegations contained in Paragraph 26.


27.     Defendant Microsoft Corporation is a publicly held company that is incorporated in Washington.  Its headquarters are at One Microsoft Way, Redmond, WA 98052.  Microsoft owns or controls the websites www.msn.com and www.bing.com.

**RESPONSE:**

Yahoo! is without knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 27 and therefore denies those allegations.


28.     The Doe defendants are unknown at this time, but are believed to be, among other persons or entities, certain affiliates or publishers of Epic, Neverblue and/or Just Think

Media, additional entities, affiliates or businesses controlled or owned by Jesse Willms, additional [*sic*]

**RESPONSE:**

Yahoo! is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 and therefore denies those allegations.

29.    Plaintiffs seek damages and injunctive relief as further described below preventing Defendants from engaging in any further violation of Plaintiffs' rights.

**RESPONSE:**

Yahoo! admits that Plaintiffs seek the requested relief, but denies that Plaintiffs are entitled to any relief from Yahoo!.  Yahoo! is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 29 and therefore denies those allegations.

30.    dazzlesmile is an internationally known teeth whitening system.  The system was first introduced to the general public in October 1996, during the course of a clinical study conducted by F. Richard Austin, DDS, a cosmetic dentist, and Blaine D. Austin, DDS, MS, a maxillofacial surgeon.  Their research study entitled "*Clinical Evaluation of In Vivo Effects of Orally Administered Carbamide Peroxide Bleaching Agent Dispensed in Tablet Form*" ultimately culminated with the issuance of United States patents 5,785,957 and 6,149,211 on July 28, 1998, and November 21, 2000.

**RESPONSE:**

Yahoo! is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 and therefore denies those allegations.

31.    The dazzlesmile teeth whitening system is comprised of teeth bleaching and dental hygiene products, currently consisting of orally administered mint whitening tablets, whitening toothpaste and a mouth wash.  The clinical research described in the preceding paragraph demonstrated the efficacy of dazzlesmile — and dictated that any dazzlesmile products containing carbamide peroxide in the U.S. must be registered with the United States Food and Drug Administration ("FDA") and manufactured in an FDA-approved facility.

dazzlesmile is considered an Over-the-Counter ("OTC") drug and is required to be so labeled with specific drug facts.

**RESPONSE:**

Yahoo! is without knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 31 and therefore denies those allegations.

32.    Official and legitimate dazzlesmile products fully comply with all governmental regulations relating to their manufacture, packaging and labeling.  Proper labeling of OTC drugs is necessary to prevent harm to consumers, such as overdose, and appropriate labeling of OTC drugs is on the same scale of importance afforded prescription medications.

**RESPONSE:**

Yahoo! is without knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 32 and therefore denies those allegations.

33.    The dazzlesmile mark and name were first conceived by Target Interact US LLC ("Target Interact") during 2004, after undertaking a market research and name investigation that carefully compared the dazzlesmile mark and name against any similar trade names, trade-styles and common law or registered trademarks.  No conflicts were found or otherwise arose during that process, and the dazzlesmile mark and name were first used beginning January 11, 2005.  Since that day, the dazzlesmile name and dazzlesmile™ stylistic mark — all lowercase Royal Blue Avant Garde font, followed by the "™" superscript designation — has been continuously asserted and claimed, initially by Target Interact, and then, unbroken by time, dazzlesmile and Optimal.

**RESPONSE:**

Yahoo! is without knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 33 and therefore denies those allegations.

34.    In order to provide constructive public notice and begin the promotion of the dazzlesmile mark and name, on March 30, 2005, the first in a series of steps was taken by Target Interact to secure the dazzlesmile mark and name through its registration with the Internet Corporation for Assigned Names and Numbers, and by propagation of the domain

www.dazzlesmile.com.  The dazzlesmile domain and attendant website have been in continuous, uninterrupted operation since March 30, 2005.

     **RESPONSE:**

     Yahoo! is without knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 34 and therefore denies those allegations.

     35.    On August 22, 2005, Target Interact also filed to register the dazzlesmile mark (Application Serial Number 78697796) with the United States Patent and Trademark Office, and asserted both first use and prior use in commerce of the mark, before all others.

     **RESPONSE:**

     Yahoo! is without knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 35 and therefore denies those allegations.

     36.    However, another company, Dazzlesmiles of New York, LLC, 170 East 61st Street, New York, New York 10021, had previously filed an *intent to use* registration of the simple name "DAZZLESMILE" (all uppercase) in the category of "dental prosthetic devices fabricated in a dental lab" on March 5, 2005.  Neither the *intent to use* registration nor category filed within or the minimal geographic reach (limited to New York City) of that company offended dazzlesmile at the time, since the first use of the dazzlesmile mark as a common law trademark and trade name was January 11, 2005, and its first use in commerce began on that same date. (footnotes omitted).

     **RESPONSE:**

     Yahoo! is without knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 36 and therefore denies those allegations, including footnotes.

     37.    On September 13, 2005, dazzlesmile was formed as a Utah limited liability company.  dazzlesmile also entered into an "Agreement to Commercialize Teeth Whitening Formula(s) and Products" with Custom Care Products, Inc., the owner of the US patents detailed above.  That Agreement grants to dazzlesmile a worldwide manufacturing and marketing license to exploit the formulas and products covered by the Agreement, and, by virtue of the Patent License, to be protected under United States patents 5,785,957 and 6,149,211.

**RESPONSE:**

Yahoo! is without knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 37 and therefore denies those allegations.

38.     On September 25, 2007, Target Interact transferred all rights, title and interest
that it had in the dazzlesmile mark and name, along with all goodwill accrued and associated
product, to dazzlesmile and Optimal, jointly and severally.

**RESPONSE:**

Yahoo! is without knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 38 and therefore denies those allegations.

39.     The prosecution of the dazzlesmile mark continues to the present.

**RESPONSE:**

Yahoo! is without knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 39 and therefore denies those allegations.

40.     dazzlesmile packages and sells dazzlesmile teeth whitening products
throughout the United States.  As described above, this is done primarily through its website,
www.dazzlesmile.com, which it owns and operates.  dazzlesmile has devoted significant
time and expense to the development of its website, in order to provide a website that is
informative, aesthetically pleasing and user-friendly.

**RESPONSE:**

Yahoo! is without knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 40 and therefore denies those allegations.

41.     The dazzlesmile teeth whitening system has been marketed through long-form
radio informational programs, print media, the Internet and in boutique retail settings.

**RESPONSE:**

Yahoo! is without knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 41 and therefore denies those allegations.

42.    dazzlesmile has spent substantial amounts of money advertising and
promoting its teeth whitening solutions on search portal websites such as Google and
Yahoo!.  To advertise through those search portal websites, dazzlesmile has purchased
certain keywords, such that when a user searches for those keywords (such as "dazzlesmile"
or "dazzle smile") an advertisement and link for dazzlesmile's website will be prominently
displayed on the search results page.

**RESPONSE:**

Yahoo! is without knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 42 and therefore denies those allegations.

43.    Optimal has provided, and continues to provide, strategic oversight for
dazzlesmile, as well as for other subsidiaries.

**RESPONSE:**

Yahoo! is without knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 43 and therefore denies those allegations.

44.    On January 26, 2009, Carson Parmalee ("Parmalee"), a Sales Manager for
Epic contacted Roger LeFevre ("LeFevre"), the Chief Executive Officer of Optimal and
dazzlesmile.

**RESPONSE:**

Yahoo! is without knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 44 and therefore denies those allegations.

45.    Parmalee represented and held himself out to be acting for Defendant Epic
Advertising:  he claimed to be a Sales Manager for Epic Advertising in New York City, he
had an Epic Advertising email address, and he provided LeFevre with an "Epic Advertising
Quick Reference Guide" and other materials.

**RESPONSE:**

Yahoo! is without knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 45 and therefore denies those allegations.

46.    The materials provided by Paramelee also said that "AzoogleAds" was a
"division of Epic Advertising."

**RESPONSE:**

Yahoo! is without knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 46 and therefore denies those allegations.

47.    In materials provided by Parmalee to LeFevre on January 26, 2009, Epic
represented:

    a.    that it had a "network of 40,000+ Web/Display, E-mail and Search
Publishers" which allowed Epic to deliver "Cost Per Acquisition" ("CPA") or pay-
for-performance advertising and solutions for its clients;

    b.    that it would "protect your brand and your ads like no other ad network
can via our in-house marketing compliance department";

    c.    that it was "the unmatched leader in Data Protection, Fraud Prevention
and Online Marketing Standards";

    d.    that it had "an integrity assurance department that upholds the highest
standards for traffic and lead quality";

    e.    that its "[p]ublishers recognize that the highest payouts go to those that
deliver the highest quality traffic";

    f.    that "Epic Advertising's Integrity Assurance group enables top tier
Advertisers to obtain quality traffic and leads via our best of breed network of
Publishers";

    g.    that Epic's policies "prohibit[] link farms, fraud, websites with
objectionable content, and those that spawn exit pop-ups";

    h.    that Epic has "staff that proactively checks our offers for compliance to
our published standards";

      i.     that once Epic "identified and confirmed a policy violation," it would redress those issues through a number methods, such as "cut[ting] that Publisher's links, recoup[ing] commissions, and/or suspend[ing] or terminat[ing] a Publisher's account";

      j.     that its "Search Policy prohibits Publishers from engaging in trademark infringement, forbids them from using potentially misleading terms (e.g., "Free") or utilizing certain images . . . as part of their search marketing efforts";

      k.     that Epic's policies "bar[] Publishers from using prohibited keywords in Meta tags, page copy or within URLs"; and

      l.     that Epic "proactively monitors search campaigns to ensure compliance with" its policies.

**RESPONSE:**

Yahoo! is without knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 47 and therefore denies those allegations.

48.     Epic made the aforementioned representations, as well as many other similar representations, orally and in writing to Plaintiffs to induce them to hire Epic to run a dazzlesmile advertising campaign.

**RESPONSE:**

Yahoo! is without knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 48 and therefore denies those allegations.

49.     Indeed, on January 26, 2009, Parmalee expressly stated that he was soliciting Optimal as an advertising client for Epic.

**RESPONSE:**

Yahoo! is without knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 49 and therefore denies those allegations.

50.     Parmalee told LeFevre that one of Epic's current clients, a producer of teeth whitening products allegedly similar to that of dazzlesmile, had experienced great success with Epic's advertising efforts.

**RESPONSE:**

Yahoo! is without knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 50 and therefore denies those allegations.

51.    On information and belief, the aforementioned client of Epic's was Farend, Jesse Willms or another of Willms' entities.

**RESPONSE:**

Yahoo! is without knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 51 and therefore denies those allegations.

52.    Parmalee pushed a continuity offer on LeFevre, with which Epic was "having a lot of success." Parmalee explained that a continuity offer meant that a customer would be offered a free trial or sample for a very minimal cost and, that, after "a 14-30 day free trial period, the customer [would] then [be] billed for the full amount of the product" and continue to receive future shipments of the product billed at full price.

**RESPONSE:**

Yahoo! is without knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 52 and therefore denies those allegations.

53.    On information and belief, Epic encouraged, and still encourages its clients to adopt the continuity offer model because, coupled with Epic's 15 day payment remittance requirement for its clients, it generates massive profits for Epic with little potential downside. In particular, the 14-30 day free trial period ensures most customers will not complain or cancel their orders until after Epic's clients have already submitted payment to Epic for those orders.  If the customers cancel after that point in time, Epic's client would take the loss (i.e., what it already paid Epic plus the value of its products sent to the consumer, unless returned, less the minimal shipping costs received from the consumer on the front end).

**RESPONSE:**

Yahoo! is without knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 53 and therefore denies those allegations.

54.    Parmalee directed LeFevre to have Optimal do precisely what Epic's web advertising team dictated in terms of their advertising and marketing strategies and tactics.

**RESPONSE:**

Yahoo! is without knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 54 and therefore denies those allegations.

55.    If Plaintiffs followed Epic's direction, Parmalee represented that Plaintiffs could expect to see hundreds and likely thousands of daily orders for dazzlesmile products, and thus realize large profits.  Parmalee assured LeFevre that many of Epic's other clients were achieving these results.

**RESPONSE:**

Yahoo! is without knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 55 and therefore denies those allegations.

56.    Parmalee then suggested a face-to-face meeting, which ultimately occurred at Epic's New York City office on February 12, 2009.  In addition to Parmalee and LeFevre, Epic's Vice President, Marc Porcelli, attended the meeting.  The meeting was followed by a lunch outside the Epic office that included several additional Epic personnel who were described to LeFevre as those being responsible for creating ads for clients and managing client promotional campaigns.

**RESPONSE:**

Yahoo! is without knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 56 and therefore denies those allegations.

57.    Parmalee and other Epic representatives recognized and were impressed that dazzlesmile had an actual customer service department.  LeFevre did not appreciate the significance of this recognition until later.

**RESPONSE:**

Yahoo! is without knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 57 and therefore denies those allegations.

18

58.     In good faith and reasonable reliance on the representations of Parmalee and other Epic agents, Optimal agreed on April 9, 2009 to run an advertising campaign through Epic in relation to dazzlesmile's products.

**RESPONSE:**

Yahoo! is without knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 58 and therefore denies those allegations.

59.     In running an internet advertising campaign, Epic purported, and still purports, to use "publishers" or "affiliates" in order to propagate internet ads for an advertising campaign.  Those publishers or affiliates creates additional web pages that contain testimonials, customer reviews, blog postings, and other materials purportedly designed to convince consumers to sign up for various products.  Those publishers and affiliates are agents or employees of Epic and operate under the control of Epic and on behalf of Epic in return for payment by Epic.

**RESPONSE:**

Yahoo! is without knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 59 and therefore denies those allegations.

60.     For the dazzlesmile advertising campaign, Optimal would compensate Epic based on a CPA basis.  In other words, Optimal agreed to pay Epic:  (1) when a potential customer clicked on an Epic advertised link that was promulgated by a publisher or affiliate of Epic and was then directed to a dazzlesmile "landing page," and (2) that potential customer signed up and purchased dazzlesmile products.

**RESPONSE:**

Yahoo! is without knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 60 and therefore denies those allegations.

61.     Despite all of the prior representations and materials saying that Optimal was dealing with Epic Advertising, the actual agreement appeared to have been with, and was signed on behalf of, Azoogle.com, Inc., 60 Columbia Way, Suite #310, Markham, Ontario, Canada, although the agreement also referenced "AzoogleAds" and "Epic Advertising."

**RESPONSE:**

Yahoo! is without knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 61 and therefore denies those allegations.

62.     Additional documents from Epic relating to the dazzlesmile campaign also referred numerous times to "Epic/Azoogle."

**RESPONSE:**

Yahoo! is without knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 62 and therefore denies those allegations.

63.     Only Optimal had an agreement with Azoogle.com, Inc.  dazzlesmile never entered into any agreement with Azoogle.com, Inc. or otherwise with Epic.

**RESPONSE:**

Yahoo! is without knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 63 and therefore denies those allegations.

64.     Subsequently, Epic or its agents created all advertisements and internet landing pages regarding dazzlesmile products.  Epic was heavily involved in designing the dazzlesmile landing page as well as in setting the prices and sales strategies of online sales of dazzlesmile products.

**RESPONSE:**

Yahoo! is without knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 64 and therefore denies those allegations.

65.     Not surprisingly, Epic said that a CPA at or above $40 was the "most important" aspect of the pricing.  This would be paid by Optimal to Epic after each order was placed.

**RESPONSE:**

Yahoo! is without knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 65 and therefore denies those allegations.

66.    But simultaneously, Epic also encouraged Optimal to set a "free trial" with a low shipping cost around $3.99 per order, which Epic said was the second most important pricing component, no doubt because it was meant to stimulate sales and thus payment of CPAs to Epic.

**RESPONSE:**

Yahoo! is without knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 66 and therefore denies those allegations.

67.    Epic also encouraged Optimal to set a high "bill rate" to be charged later to the consumers "so you are sure to make your money back with the second billing cycle."

**RESPONSE:**

Yahoo! is without knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 67 and therefore denies those allegations.

68.    In addition, each advertisement and internet landing page contained a particular "sales tracking firing pixel" entitled "AZJMP" – a code that identifies that Epic created the ad that led to the sales transaction (the "Epic firing pixel").

**RESPONSE:**

Yahoo! is without knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 68 and therefore denies those allegations.

69.    Epic used the Epic firing pixel to keep track of CPAs associated with a particular advertisement and advertiser for purposes of collecting payment for those orders, as well as to identify the publisher or affiliate who brought the customer to the landing page for purposes of paying that publisher or affiliate for doing so.

**RESPONSE:**

Yahoo! is without knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 69 and therefore denies those allegations.

70.    Epic was and is intimately familiar with its various publishers and affiliates.
Epic works closely with its publishers and affiliates in developing an advertising campaign,
just as it did with the dazzlesmile campaign.  From its publishers and affiliates, Epic seeks
strategic guidance and guidance regarding what advertising tactics and practices it and its
clients should use in a given advertising campaign.

**RESPONSE:**

Yahoo! is without knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 70 and therefore denies those allegations.

71.    Ultimately, Optimal agreed to pay Epic $43 per order generated by Epic's
advertising campaign.  That $43 was deemed to have been earned when an order fired via an
Epic firing pixel, subject to a fifteen (15) day payment term.

**RESPONSE:**

Yahoo! is without knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 71 and therefore denies those allegations.

72.    In the end and as a condition of Epic running the dazzlesmile internet
advertising campaign, Epic mandated that Optimal have dazzlesmile run a promotion where
potential customers could sign up to receive free product and only have to pay shipping and
handling.  Epic then required that as a condition for receiving this free product, customers
tacitly agree to receive continued shipments of the product at the full price through the
"terms and conditions" page of the www.dazzlesmile.com website.

**RESPONSE:**

Yahoo! is without knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 72 and therefore denies those allegations.

73.    Optimal told Epic that it would <u>not</u> say "free" in connection with the dazzlesmile promotion as the customers were obligated to pay some money.  Epic agreed to that condition, but mandated that the terms and conditions for the auto-ship for additional product be placed in a specific place on the landing page (in lightly grayed, fine print text below and/or out-of-sight of the credit card input fields) or on a separate page on dazzlesmile's home page, found only by a link at the bottom of the trial offer landing page(s).

**RESPONSE:**

Yahoo! is without knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 73 and therefore denies those allegations.

74.    As noted above, Epic designed and created dazzlesmile's landing pages, including the terms and conditions for the promotional marketing campaign.  Epic saw, changed and approved, and was extremely familiar with, the dazzlesmile landing pages.  And there is no question that Epic saw on numerous occasions, and was extremely familiar with, the dazzlesmile mark and name.

**RESPONSE:**

Yahoo! is without knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 74 and therefore denies those allegations.

75.    Epic began advertising in relation to dazzlesmile products on May 1, 2009. Within one week, dazzlesmile received over 2,500 orders from Epic's advertising campaign. Over one four-hour period alone on May 7, 2009, Epic's dazzlesmile ad campaign generated approximately 2,000 orders.

**RESPONSE:**

Yahoo! is without knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 75 and therefore denies those allegations.

76.    Epic admitted that a majority, if not all, of the orders received in May 2009 were generated by a single publisher, as opposed to the tens of thousands of publishers represented to have been available in its network.

**RESPONSE:**

Yahoo! is without knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 76 and therefore denies those allegations.

77.    Late in the evening on May 7, 2009, Optimal expressed concern to Epic regarding this rapid influx of orders, but Epic stated that "it fe[lt] strongly about the quality of those orders" and that they would "have much more information for [Optimal] in the morning."

**RESPONSE:**

Yahoo! is without knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 77 and therefore denies those allegations.

78.    But the next day following the large inflow of dazzlesmile orders, Parmalee and Marc Porcelli instead called LeFevre and pressured him to immediately pay for all of the dazzlesmile orders received to date, which amounted to about $100,000 owed at the time.  In doing so, Parmalee and Porcelli disregarded the supposedly agreed upon fifteen (15) day payment term.

**RESPONSE:**

Yahoo! is without knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 78 and therefore denies those allegations.

79.    On information and belief, Parmalee and Porcelli demanded immediate payment of the orders on May 8, 2009 because they knew and understood that the massive amount of orders generated the previous night and week were actually, or likely would be, of very low quality (i.e., obtained through deceptive or otherwise misleading tactics) and result in numerous customer cancellations and returns, which they knew would make Plaintiffs unhappy given their prior representations and which they knew would make the dazzlesmile campaign extremely unprofitable for Plaintiffs if Epic was actually paid the $43 per CPA.

**RESPONSE:**

Yahoo! is without knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 79 and therefore denies those allegations.

24

80.    As a result of this stunning number of orders, Optimal and dazzlesmile began looking closely at the Epic advertisements for dazzlesmile products and found that Epic's publishers and affiliates were sending SPAM email, posting fake consumer blogs, and placing a variety of other false and deceptive advertisements on the internet.

**RESPONSE:**

Yahoo! is without knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 80 and therefore denies those allegations.

81.    The Epic affiliates or publishers were also promoting other teeth whitening products in the same advertisements as dazzlesmile products.  The advertisements were posed as a one + two combination product (the advertiser's copy read:  "I thought I didn't have enough money to use two different products at once but I went back on the net, did some more research and found some special offers that combined two products - Whitening Now and Dazzle Smile - a completely free trial").  In addition to mentioning a "free trial," the other teeth whitening product used the same terms and conditions that Epic mandated.  Thus, customers who signed up as a result of this promotion received <u>two</u> auto-shipments and <u>two</u> recurring charges on their credit cards from <u>two</u> different companies.  Neither dazzlesmile nor Optimal had ever authorized such dual or "one and two" marketing campaigns.

**RESPONSE:**

Yahoo! is without knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 81 and therefore denies those allegations.

82.    Plaintiffs notified Epic of this simultaneous promotion and demanded that they stop it.  Epic admitted that one of its publishers was running the simultaneous advertisements of dazzlesmile and a competitor.

**RESPONSE:**

Yahoo! is without knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 82 and therefore denies those allegations.

83.    On information and belief, the other teeth whitening products being promoted simultaneously by Epic and its publishers and affiliates were from the Willms Defendants or one of their affiliates or related entities.

**RESPONSE:**

Yahoo! is without knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 83 and therefore denies those allegations.

84.    Plaintiffs never agreed, either expressly or implicitly, to allow Epic to utilize the dazzlesmile mark or name in conjunction with any joint advertising with other teeth whitening products or other companies.

**RESPONSE:**

Yahoo! is without knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 84 and therefore denies those allegations.

85.    By May 12, 2009, a mere five days after the massive influx of orders, numerous consumers who had purchased dazzlesmile products through the Epic advertising campaign began disputing their credit card charges with dazzlesmile and calling dazzlesmile to complain about reoccurring charges on their credit cards and automatically shipped product.  At that time, dazzlesmile customer service was receiving 50-75 calls per day. Optimal notified Epic of these cancellations and calls.

**RESPONSE:**

Yahoo! is without knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 85 and therefore denies those allegations.

86.    When pressed, Epic admitted that the single publisher it had used for the dazzlesmile advertisements had a "smash and grab mentality."  This publisher had generated the massive influx of orders, and its tactics led to the high cancellation rate.  Epic, however, did nothing to stop the publisher's "smash and grab" tactics and instead allowed, and thus agreed with, such tactics.

**RESPONSE:**

Yahoo! is without knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 86 and therefore denies those allegations.

87.     Optimal again confronted Epic over the issues of deceptive marketing practices and the apparent joint advertising campaign as well as the charge-backs and customer complaints it was experiencing.  Plaintiffs operated legitimate businesses and demanded that a potential customer be required, among other things, to click on an "I Agree" button along with a description of the terms and conditions of the sale that provided for the auto shipment permission.  Plaintiffs hoped such efforts would reduce consumer confusion, result in sales only to consumers who understood and appreciated the arrangement and allow Plaintiffs to comply with the requirements of Visa, MasterCard, Discover and American Express for reversing attempted charge-backs.

**RESPONSE:**

Yahoo! is without knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 87 and therefore denies those allegations.


88.     Despite the obvious benefit of reducing customer confusion and dissatisfaction, Epic told Optimal that including an "I Agree" button on the landing page was unacceptable.  Instead, Epic pressured Optimal multiple times to "revert back (100%) to the old pages."

**RESPONSE:**

Yahoo! is without knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 88 and therefore denies those allegations.


89.     And despite its purported policies to the contrary, Epic also repeatedly pushed dazzlesmile to include an exit pop-up window on its landing page, which would pop-up when a consumer attempted to leave or close the page and ask "are you sure you want to navigate away from this page" – while making another special offer.

**RESPONSE:**

Yahoo! is without knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 89 and therefore denies those allegations.


90.     Epic also informed Plaintiffs that the publisher who was responsible for bringing in most of the customers as described above refused to run additional dazzlesmile offers.

**RESPONSE:**

Yahoo! is without knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 90 and therefore denies those allegations.

91.    In short, Optimal tried to legitimize Epic's dazzlesmile advertising campaign, but Epic flatly rejected the idea because Epic was benefiting by getting paid $43 for each order, regardless of whether customers were being misled or not.  In other words, Epic wanted to, and wants to, encourage, and thus profit from, consumer deception and confusion.

**RESPONSE:**

Yahoo! is without knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 91 and therefore denies those allegations.

92.    Moreover, the only way Plaintiffs could have continued the dazzlesmile advertising campaign with Epic would have been to succumb to Epic's and its publishers' demands for more deceptive advertising techniques.

**RESPONSE:**

Yahoo! is without knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 92 and therefore denies those allegations.

93.    Plaintiffs did not agree with these practices and stopped the Epic advertising campaign and terminated their relationship with Epic on June 29, 2009.

**RESPONSE:**

Yahoo! is without knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 93 and therefore denies those allegations.

94.    At that time, Epic represented that it understood the dazzlesmile campaign had stopped and that no further dazzlesmile advertising campaign would be run.

**RESPONSE:**

Yahoo! is without knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 94 and therefore denies those allegations.

95.    Yet, within a short period of time, the Epic dazzlesmile advertisement
campaign began anew, but this time without the permission, knowledge or authorization of
Optimal or dazzlesmile.

**RESPONSE:**

Yahoo! is without knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 95 and therefore denies those allegations.

96.    On May 27, 2009 – not long after Plaintiffs expressed concerns to Epic over
the deceptive practices and consumer complaints regarding the dazzlesmile advertising
campaign and began requesting that the campaign be legitimized – Farend was created and
registered with the Department of Registrar of Companies and Official Receiver of the
Republic of Cyprus.

**RESPONSE:**

Yahoo! is without knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 96 and therefore denies those allegations.

97.    On information and belief, Jesse Willms, 1021018 and Just Think Media
created Farend simply to be a new public front for selling teeth whitening products
developed by Just Think Media or some other affiliate or entity controlled by Jesse Willms.

**RESPONSE:**

Yahoo! is without knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 97 and therefore denies those allegations.

98.    On or before July 29, 2009 but after Optimal cancelled Epic's dazzlesmile
advertising campaign, the Willms Defendants registered and began to use at least the
following websites as landing pages from which they marketed and sold infringing and
counterfeit teeth whitening products:  http://www.dazzlesmilepro.com;

http://www.dazzlesmilepure.com; http://www.dazzlesmilenow.com; and
http://www.dazzlesmilepremium.com (the "Pirated Landing Pages").

**RESPONSE:**

Yahoo! is without knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 98 and therefore denies those allegations.

99.    Shortly after the creation of the Pirated Landing Pages and continuing to the
present, a slew of pages advertising and marketing the infringing and counterfeit teeth
whitening products of the Willms Defendants and redirecting consumers to the Pirated
Landing Pages or other pages of the Willms Defendants were created and used by various
affiliates of the Willms Defendants, Epic, Neverblue and possibly others, for instance at
http://www.freedazzlesmile.com; http://www.dazzlesmilereviews.com;
http://www.celebritydazzlesmile.com; http://www.dazzlesmilefreetrial.com;
http://www.dazzlesmilepro.org; http://www.dazzlesmilefreetrial.info;
http://www.dazzlesmile.org; http://www.dazzlesmile.biz; http://www.dazzlesmile.info; and
http://www.dazzlesmile.net (the "Pirated Marketing Sites").

**RESPONSE:**

Yahoo! is without knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 99 and therefore denies those allegations.

100.    Many of the Pirated Landing Pages and Pirated Marketing Sites are, or were,
hosted by, possibly among others, Rackspace.com in San Antonio, Texas and registered by
Moniker Online Services, Inc., a masking company used to conceal the true owner's identity.

**RESPONSE:**

Yahoo! is without knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 100 and therefore denies those allegations.

101.    Most, if not all, of the Pirated Landing Pages and Pirated Marketing Sites
contained a privacy policy that expressly referred web users to Defendant Farend and
sometimes listed its address as being in Cyprus.

**RESPONSE:**

Yahoo! is without knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 101 and therefore denies those allegations.

102.    Farend is, or was until filing of the original Verified Complaint, also listed on the contact information for the websites http://www.premiumwhitepro.com and http://www.premiumwhitemax.com, websites also purporting to sell teeth whitening products.  One contact address used for Farend is 22100 East, 26th Ave [*sic*] Aurora, CO 80019, which is the address for AtLast Fulfillment, a product fulfillment center on the outskirts of Denver.

**RESPONSE:**

Yahoo! is without knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 102 and therefore denies those allegations.

103.    The Willms Defendants are also affiliates, marketers, suppliers, manufacturers or importers of certain of the infringing products via numerous websites, including, but not limited to, http://www.premiumwhitepro.com and http://www.premiumwhitemax.com/ and the Pirated Landing Pages.

**RESPONSE:**

Yahoo! is without knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 103 and therefore denies those allegations.

104.    As an example, the primary teeth whitening product being sold by the Willms Defendants on the Pirated Landing Pages and on http://www.premiumwhitepro.com and http://www.premiumwhitemax.com is, or was for many months, a teeth whitening gel dispensed in a pen shaped applicator.

**RESPONSE:**

Yahoo! is without knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 104 and therefore denies those allegations.

105.    Not coincidentally, Just Think Media advertised over the summer of 2009, and continues to advertise to this day, that one of its "top performing offers" is and was a teeth whitening product and that Just Think Media "commissioned the creation of a teeth-whitening gel that could be applied <u>via pen shaped applicator</u>."

**RESPONSE:**

Yahoo! is without knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 105 and therefore denies those allegations.

106.    Furthermore, the Willms Defendants advertise, or advertised for many months, the following pen shaped gel applicator on their website <u>http://www.premiumwhitepro.com</u>:



**RESPONSE:**

Yahoo! is without knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 106 and therefore denies those allegations.

107.    Similarly, the Willms Defendants advertise, or advertised for many months, the following pen shaped gel applicator on another of their websites http://www.premiumwhitemax.com:



**RESPONSE:**

Yahoo! is without knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 107 and therefore denies those allegations.

108.    The pen shaped gel applicators with teeth whitening materials are available for purchasing in bulk at extremely low cost from Chinese producers.  The applicators purchased overseas do not contain any labeling and do not appear to have been manufactured in accordance with FDA guidelines.

**RESPONSE:**

Yahoo! is without knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 108 and therefore denies those allegations.

109.    On information and belief, AtLast and/or the Willms Defendants, or one of them, created labels that said "DazzleSmile" and "DazzleSmilePro" or similar and affixed those labels to their own pen applicators of teeth whitening gels as well as to letters and stationary [*sic*] accompanying those products.  These were infringing and counterfeit labels and were not, and never have been, authorized in any way by Plaintiffs.

**RESPONSE:**

Yahoo! is without knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 109 and therefore denies those allegations.

110.    For example, the ad below – <u>which was not created or authorized in any way</u>
<u>by Plaintiffs</u> – shows a "DazzleSmile" ad for a pen shaped gel applicator with the label
"Dazzle Smile."



**RESPONSE:**

Yahoo! is without knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 110 and therefore denies those allegations.

111.    Moreover, Plaintiffs have received numerous returned products from
disgruntled consumers that clearly originated from AtLast and/or the Willms Defendants that
contained pen shaped gel applicators with counterfeit labels and packaging.  For example,
the picture below shows a returned package that contained two pen shaped gel applicators –
one with a "DazzleWhite" label and the other with the counterfeit "DazzleSmile" box and
label:



**RESPONSE:**

Yahoo! is without knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 111 and therefore denies those allegations.

112.    Many of the of the returned products from disgruntled consumers that
contained teeth whitening products, letters or other stationary [*sic*] with the infringing and
counterfeit dazzlesmile mark or name that have been received by Plaintiffs also bore the
name "Just Think" or "Just Think Media" and had a return address on the original packaging
of 22100 East 26th Avenue, #100, Aurora, Colorado 80019, which is the principal place of
business and corporate headquarters for AtLast as well as a contact address for Farend on at
least one its websites.

**RESPONSE:**

Yahoo! is without knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 112 and therefore denies those allegations.

113.    On information and belief, AtLast "fulfills" many of the orders for teeth
whitening products sold by the Willms Defendants to consumers on the internet.  This
means:

        a.      AtLast creates, and has created or printed, many of the letters and
        stationary [*sic*] that accompany, or accompanied, the Willms Defendants teeth

35

whitening products when shipped to thousands of consumers throughout the United States and elsewhere;

       b.      AtLast purchases and imports, or purchased and imported for many months, generic pen shaped gel applicators and other teeth whitening products from overseas, creates various labels for such products for the Willms Defendants, including, but not limited to, labels saying, "DazzleSmile" and "DazzleSmilePro," and/or affixes the labels to the generic applicators;

       c.      AtLast creates, purchases or imports, or created, purchased or imported for many months, the boxes and other packaging for the pen shaped gel applicators and other teeth whitening products described above;

       d.      AtLast ships, and shipped for many months, teeth whitening products, stationary, [*sic*] letters and packaging, many of which contained the dazzlesmile name or mark, to many consumers throughout the United States and elsewhere via U.S. mail after an order is placed on one of the Willms Defendants websites;

       e.      AtLast handles, or handled for many months, some consumer complaints, via the internet or over telephone lines, in relation to teeth whitening products sold by the Willms Defendants; and

       f.      AtLast has done, and continues to do, all of the aforementioned acts in concert with the Willms Defendants.

**RESPONSE:**

Yahoo! is without knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 113 and therefore denies those allegations.


    114.    On information and belief, AtLast has fulfilled and continues to fulfill (as more generally described above) many orders for teeth whitening products sold by the Willms [*sic*]

**RESPONSE:**

Yahoo! is without knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 114 and therefore denies those allegations.


    115.    On information and belief, AtLast either intended, knew, or reasonably should have known that the dazzlesmile mark or name it affixed and continues to affix to teeth whitening products, letters or other stationary [*sic*] sent to tens of thousands of consumers via

U.S. mail was infringing or counterfeit because, among other things, of the widespread consumer complaints, returns and confusion that ensued after the first sales of infringing or counterfeit goods were made and because of the very existence and widespread knowledge of the true dazzlesmile teeth whitening system and website.

**RESPONSE:**

Yahoo! is without knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 115 and therefore denies those allegations.

116.    Although the Willms Defendants' scheme is, and was, to confuse consumers and government officials with a dizzying web of multiple websites, numerous names, internationally registered companies and generic "fulfillment" centers, the links are certain: the infringing and counterfeit DazzleSmile and DazzleSmilePro pen applicators and deceptive websites, advertising and sales are coming from, and have come from, AtLast under cover of Farend and Just Think Media, which is a trade name registered in Canada and owned by Defendant 1021018, for which Defendant Jesse Willms is a director and 100% shareholder.

**RESPONSE:**

Yahoo! is without knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 116 and therefore denies those allegations.

117.    But AtLast and the Willms Defendants have not succeeded in their deceptive practices by themselves.  Epic, Neverblue and their affiliates and publishers helped them market and sell the infringing and counterfeit teeth whitening products.

**RESPONSE:**

Yahoo! is without knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 117 and therefore denies those allegations.

118.    Following the establishment of the Pirated Landing Pages, many of Epic's affiliates' and publishers' advertisements and web pages that formerly directed web traffic to Plaintiffs' http://www.dazzlesmile.com website or its extensions began directing web traffic to the Pirated Landing Pages and later — shortly after dazzlesmile sent a cease and desist letter to several of the defendants — to http://www.premiumwhitepro.com and http://www.premiumwhitemax.com.  These Epic advertisements for the infringing websites

contained Epic redirects to landing pages for the infringing websites that contained an Epic firing pixel. These Epic advertisements still used the dazzlesmile mark or name, even though they were still redirecting consumers to the Pirated Landing Pages and later to http://www.premiumwhitepro.com and http://www.premiumwhitemax.com.

**RESPONSE:**

Yahoo! is without knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 118 and therefore denies those allegations.

119. Epic and its affiliates had seamlessly switched from advertising legitimate dazzlesmile products to advertising other teeth whitening products that openly, deceptively and without authorization used the dazzlesmile mark and name.

**RESPONSE:**

Yahoo! is without knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 119 and therefore denies those allegations.

120. On information and belief, Epic worked closely with the Willms Defendants or their affiliates to design and create the infringing, deceptive advertising campaign that used the dazzlesmile mark or name.

**RESPONSE:**

Yahoo! is without knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 120 and therefore denies those allegations.

121. At a minimum, Epic received copies of the infringing advertisements, Pirated Landing Pages and/or Pirated Marketing Sites from the Willms Defendants, their affiliates or Epic's affiliates, prior to or after their use, analyzed them, and approved their use. And in doing so, Epic either knew, or should have known, that the advertisements, Pirated Landing Pages and/or Pirated Marketing Sites were infringing.

**RESPONSE:**

Yahoo! is without knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 121 and therefore denies those allegations.

122.    Later in time, the Willms Defendants began working with Neverblue and its affiliates to run a similar infringing advertising and marketing campaign for counterfeit, infringing or competing teeth whitening products.

**RESPONSE:**

Yahoo! is without knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 122 and therefore denies those allegations.

123.    In doing so, and on information and belief, Neverblue and the Willms Defendants worked closely with the Willms Defendants or their affiliates to design and create the infringing, deceptive advertising campaign that used the dazzlesmile name or mark.

**RESPONSE:**

Yahoo! is without knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 123 and therefore denies those allegations.

124.    At a minimum, Neverblue had constructive or actual notice of the true dazzlesmile teeth whitening system, yet nonetheless received copies of the infringing advertisements, Pirated Landing Pages and/or Pirated Marketing Sites from the Willms Defendants their affiliates prior to or after their use, analyzed them and approved their use. And in doing so, Neverblue either knew, or should have known, that the advertisements, Pirated Landing Pages and/or Pirated Marketing Sites were infringing.

**RESPONSE:**

Yahoo! is without knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 124 and therefore denies those allegations.

125.    In creating the Pirated Landing Pages and Pirated Marketing Sites, the Willms Defendants, their affiliates or the affiliates of Epic and Neverblue copied and replicated a substantial portion of dazzlesmile's copyrighted www.dazzlesmile.com website and trial offer landing pages, including verbatim text and the general layout of dazzlesmile's trial offer landing pages, such as fonts, sizes and colors of the texts, and placement of links.

**RESPONSE:**

Yahoo! is without knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 125 and therefore denies those allegations.

126.    On information and belief, the Willms Defendants, Epic and Neverblue knew,
approved of and allowed these infringing advertisements and websites to be created and
used, as they were resulting in a large revenue stream because, among other things, the
infringing advertisements used deceptive practices and techniques, several of which
dazzlesmile had refused to use when previously pressed by Epic.

**RESPONSE:**

Yahoo! is without knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 126 and therefore denies those allegations.

127.    For a significant period of time, searches for "dazzlesmile" on Yahoo!.com,
google.com, ask.com, and bing.com returned a number of paid link advertisements which
either used the dazzlesmile mark or name in the keywords or in the advertising copy or else
purported [*sic*]

**RESPONSE:**

Yahoo! admits that, for a period of time, searches for "dazzlesmile" on Yahoo!

returned a number of paid link advertisements which either used the term "dazzlesmile" as a

keyword and/or in advertising copy.  Yahoo! is without knowledge or information sufficient

to form a belief as to the truth of the allegations in Paragraph 127 as they relate to searches

on other search engines and therefore denies those allegations.  Yahoo! denies that these

searches on Yahoo! occurred for a "significant" period of time and otherwise denies the

remaining allegations of Paragraph 127.

128.    Clicking on those paid link advertisements redirected a user through a series of
website redirects, some of which contained information in their URL's that the marketing
campaign for the infringing websites and products was being run through Epic or Neverblue,

and the HTML source code for the infringing websites showed an Epicor Neverblue firing pixel.

**RESPONSE:**

Yahoo! is without knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 128 and therefore denies those allegations.

129.    Thus, a consumer on a Pirated Marketing Site who clicked on a link to buy a "DazzleSmile," "DazzleSmilePro" or similarly infringing teeth whitening product or otherwise sign up for a "trial" or "free trial" of such products, would be redirected through a series of websites or website redirect hyperlinks operated, owned or controlled by Epic or Neverblue to the Pirated Landing Pages, where the infringing sale would be consummated.

**RESPONSE:**

Yahoo! is without knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 129 and therefore denies those allegations.

130.    Epic, Neverblue and the Willms Defendants and their affiliates unlawfully used, and continue to unlawfully use to this day, the dazzlesmile mark or name in a number of ways, including, but not limited to:

    a.    in SPAM email, and through search engine optimization using embedded meta-tags and other methods;

    b.    by purchasing keywords for some combination of "dazzle," "smile" and "dazzlesmile" for sponsored links in search engines' advertising programs, such as Google's AdWords or AdSense programs;

    c.    through internet and behavior advertising methods, such as banner ads and affiliated marketing programs that contain the dazzlesmile mark or name;

    d.    by using the dazzlesmile mark or name in domain names, titles or webpage addresses themselves;

    e.    by "astroturfing," or by using the dazzlesmile mark or name in blogs and on other web forums to make it appear that there was a grassroots following for their infringing products when in fact there was no grassroots following but instead a marketing campaign; and

    f.    by generally using the dazzlesmile mark or name to lure customers to purchase their other competing, infringing and counterfeit products.

41

**RESPONSE:**

Yahoo! is without knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 130 and therefore denies those allegations.

131.   Epic, Neverblue, the Willms Defendants, AtLast and their affiliates have no
right to use the dazzlesmile mark or name in connection with their business or commercial
activities.

**RESPONSE:**

Yahoo! is without knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 131 and therefore denies those allegations.

132.   Epic, Neverblue, the Willms Defendants and their affiliates also used the
dazzlesmile mark or name throughout their various websites without the permission of
Optimal or dazzlesmile.

**RESPONSE:**

Yahoo! is without knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 132 and therefore denies those allegations.

133.   Epic, Neverblue and the Willms Defendants know that they and their
advertising affiliates and publishers have used, and are still using, the dazzlesmile mark and
name or colorable imitations of the dazzlesmile mark and name without the consent of
Optimal or dazzlesmile.

**RESPONSE:**

Yahoo! is without knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 133 and therefore denies those allegations.

134.   The replicated use of the dazzlesmile mark or name, copyrighted text and
images lead, and still leads, consumers to believe that they were or are purchasing
dazzlesmile's widely recognized, high-quality teeth whitening product when in fact they
were not.

**RESPONSE:**

Yahoo! is without knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 134 and therefore denies those allegations.

135.    The Willms Defendants, their affiliates and the affiliates of Epic and
Neverblue simply copied the text and images from dazzlesmile's website without permission.
Thus, many of the representations on the websites of the Willms Defendants, their affiliates
or the affiliates of Epic and Neverblue were patently false and likely to mislead the
consuming public.

**RESPONSE:**

Yahoo! is without knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 135 and therefore denies those allegations.

136.    At all times relevant to this action, including when Epic, Neverblue, the
Willms Defendants, AtLast and their affiliates first stole the dazzlesmile mark and name and
commenced their commercial use of the mark and name on advertisements and on teeth
whitening products, Epic, Neverblue, the Willms Defendants and AtLast knew, or reasonably
should have known, of the prior adoption and widespread commercial use of the legitimate
dazzlesmile mark, name and website that Plaintiffs presently own, and these defendants
knew, or reasonably should have known, of the valuable goodwill and reputation acquired by
Plaintiffs in connection with the dazzlesmile mark, name, website and products.

**RESPONSE:**

Yahoo! is without knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 136 and therefore denies those allegations.

137.    Indeed, upon information and belief, Epic gave the confidential information it
had previously learned from the short-lived yet successful dazzlesmile advertising campaign
to its affiliates or to the Willms Defendants for their use, or knowingly allowed its affiliates
or the Willms Defendants to copy and use that information without objection.  Furthermore,
Epic and its other publishers and affiliates used that information in the Willms Defendants'
deceptive advertising campaign.

**RESPONSE:**

Yahoo! is without knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 137 and therefore denies those allegations.


138.    The infringement of Epic, Neverblue, the Willms Defendants and their
affiliates would not work without participation from various, legitimate companies and
enterprises (such as Google, Yahoo!, MSN.com, Bing and other search engine providers and
Internet advertising networks, such as the MSN and Yahoo! Portals) who further that
infringement and who knew, know or reasonably should known of the infringement.  These
entities sell keywords such as "dazzlesmile" and "dazzle smile" to Epic, Neverblue, the
Willms Defendants and their affiliates.  Thus, when a customer searches or searched for
"dazzlesmile" or "dazzle smile," on a search engine such as Google, Yahoo!, MSN, Bing, or
Ask, the infringing and confusing websites of Epic, Neverblue, the Willms Defendants and
their affiliates show up, or showed up, as sponsored search results, often with site names that
contained or contain some combination of th/.;e words "dazzle" and "smile" or the precise
term "dazzlesmile" and thus were infringing.

**RESPONSE:**

Yahoo! denies that it knew or knows of infringement by other Defendants or that it

reasonably should have known of infringement by other Defendants.  Yahoo! admits that it

sold advertising space keyed to the terms "dazzlesmile" and "dazzle smile."  Yahoo! denies

that such sales gave rise to liability for contributory or vicarious infringement.  Yahoo! is

without knowledge or information sufficient to form a belief as to the truth of the remaining

allegations in Paragraph 138 and therefore denies those allegations.


139.    Before and even after dazzlesmile sent a cease and desist letter to Google,
Yahoo!, and Microsoft, and filed the original Verified Complaint, searches on those
Defendants' websites for "dazzlesmile" or "dazzle smile" provided sponsored search results
directing consumers to infringing websites, thus creating actual consumer confusion,
indicating that Defendants Google, Yahoo! and Microsoft have continued allowing Epic,
Neverblue, the Willms Defendants and their affiliates to bid on the keywords "dazzlesmile"
and "dazzle smile" in order to confuse and misdirect consumers.

**RESPONSE:**

Yahoo! admits that on or about November 4, 2009, it received a copy of a letter dated

October 19, 2009 from Optimal Health Science, LLC and dazzlesmile, llc, addressed to

Azoogle.com, Inc. DBA Epic Advertising ("Epic") and Farend Services Limited ("Farend").

The letter threatened legal proceedings against Epic and Farend.  Yahoo! further states that,

within 19 days after receiving a copy of this letter, it reviewed sponsored search

advertisements keyed to the terms "dazzlesmile" and "dazzle smile" and took steps to

prevent delivery of such advertisements.  Yahoo! denies the remaining allegations of

Paragraph 139 as they relate to Yahoo!, including, but not limited to, whether such

advertisements gave rise to contributory or vicarious infringement.  Yahoo! is without

knowledge or information sufficient to form a belief as to the truth of the remaining

allegations in Paragraph 139 and therefore denies those allegations.

140.    Internet searches also provide numerous results directing consumers to
complaints about "dazzlesmile," which are in fact complaints about the deceptive and
infringing actions of Epic, Neverblue, the Willms Defendants, AtLast and their affiliates,
thereby further ruining the dazzlesmile mark, name and website.

**RESPONSE:**

Yahoo! is without knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 140 and therefore denies those allegations.

141.    On October 19, 2009, after learning of and investigating the blatant theft and
reproduction of its website by the Willms Defendants, Optimal and dazzlesmile immediately
sent a cease and desist letter to Epic, Farend, Google, Inc., Yahoo! Search Marketing, and
Microsoft Advertising/MSN/Bing.

**RESPONSE:**

Yahoo! admits that on or about November 4, 2009, it received a copy of a letter dated

October 19, 2009 from Optimal Health Science, LLC and dazzlesmile, llc, addressed to

Azoogle.com, Inc. DBA Epic Advertising ("Epic") and Farend Services Limited ("Farend").

The letter threatened legal proceedings against Epic and Farend.  Yahoo! denies the

remaining allegations in Paragraph 141 as they relate to Yahoo!.  Yahoo! is without

knowledge or information sufficient to form a belief as to the truth of the remaining

allegations in Paragraph 141 and therefore denies those allegations.

142.    While the Willms Defendants initially took down the landing pages for the
websites that contained blatant, unauthorized reproductions of the dazzlesmile mark or name
in their URL, Epic, Neverblue and the Willms Defendants continued to use affiliate and
publisher advertisements using the dazzlesmile mark or name to deceptively direct traffic to,
among others, their websites http://www.premiumwhitepro.com and
http://www.premiumwhitemax.com by using the dazzlesmile mark or name in their
advertisements.

**RESPONSE:**

Yahoo! is without knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 142 and therefore denies those allegations.

143.    To this day, Pirated Marketing Sites still exist and use the dazzlesmile mark or
name and redirect consumers, via Epic and Neverblue redirects, to websites selling
competing teeth whitening products.

**RESPONSE:**

Yahoo! is without knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 143 and therefore denies those allegations.

144.    From July 1, 2009 to the date of this First Amended Verified Complaint,
dazzlesmile has received <u>over 15,000</u> customer service calls and emails from consumers who

thought they had purchased legitimate dazzlesmile products from dazzlesmile, but in fact had not. The overwhelming majority of these consumers were trying to reverse charges made against their debit or credit card accounts after purchasing products from the Willms Defendants as a result of the advertisements, representations and business practices set forth herein.

**RESPONSE:**

Yahoo! is without knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 144 and therefore denies those allegations.

145.    In addition, dazzlesmile has received scores of product returns from customers of the Willms Defendants' websites. dazzlesmile received on average approximately five (5) to ten (10) returns per day for many months. Those customers were clearly confused about the source and origin of their goods, as they returned the goods to dazzlesmile, not to AtLast and the Willms Defendants.

**RESPONSE:**

Yahoo! is without knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 145 and therefore denies those allegations.

146.    This actual confusion no doubt occurred in many instances because, as detailed above, the goods themselves or the stationary [*sic*] or letter accompanying the goods from the Willms Defendants actually contained the dazzlesmile mark or name. To be clear, in those instances, the goods, stationary [*sic*] or letter from the Willms Defendants or AtLast containing the dazzlesmile mark or name did not originate in any way from Optimal or dazzlesmile and were not in any way authorized or created by Optimal or dazzlesmile. Those were bald lies and counterfeits.

**RESPONSE:**

Yahoo! is without knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 146 and therefore denies those allegations.

147.    In addition, the Willms Defendants, with the assistance of AtLast, Epic, Neverblue and their publishers and affiliates, created a confusing array of websites and information that failed to clearly offer or identify the Willms Defendants or AtLast as the

source or owner of the goods and that failed to offer customer service that responded to complaints or allowed for the return of products.

**RESPONSE:**

Yahoo! is without knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 147 and therefore denies those allegations.

148.    On information and belief, at times AtLast, the Willms Defendants or their agents knowingly or intentionally directed disgruntled consumers to call or otherwise contact the real dazzlesmile customer service or told disgruntled consumers to return the products via U.S. mail to the real dazzlesmile address in Utah.

**RESPONSE:**

Yahoo! is without knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 148 and therefore denies those allegations.

149.    The confusion, deception and lack of information caused by Epic, Neverblue, AtLast, the Willms Defendants and their affiliates regarding the source and ownership of the Willms Defendants' goods and how to cancel or return products was intentional and willful and was designed to, and in fact did, deflect the attention of thousands of disgruntled consumers to Plaintiffs, who in reality have no relation whatsoever to the Willms Defendants or their products.

**RESPONSE:**

Yahoo! is without knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 149 and therefore denies those allegations.

150.    Moreover, many of the goods sold to consumers by the Willms Defendants and shipped to consumers by AtLast were of a lesser and different quality than the dazzlesmile teeth whitening system.  For example, the pen shaped gel applicator from the Willms Defendants is hydrogen peroxide based and can burn, and apparently has burned, the gums of consumers.

**RESPONSE:**

Yahoo! is without knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 150 and therefore denies those allegations.

151.    In addition, the goods sold to consumers by the Willms Defendants and shipped to consumers by AtLast did not contain the disclosures required by the FDA and do not appear to have been manufactured in an FDA approved manner, despite the goods being passed off as dazzlesmile goods and allegedly of dazzlesmile quality.  Again, legitimate dazzlesmile goods and products, by contrast, contain, and contained, the required FDA disclosures.

**RESPONSE:**

Yahoo! is without knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 151 and therefore denies those allegations.

152.    Plaintiffs are informed and believe that AtLast and the Willms Defendants knowingly and intentionally created confusion, or knowingly and intentionally misled consumers, regarding the source and customer service information of their goods to delay the return of their products by consumers by deflecting and directing their concerns to dazzlesmile and its customer service.  This is because the Willms Defendants assert that they are somehow justified in continuing to charge the debit or credit cards of consumers for automatic renewals until their products are *successfully* returned to them or until the customers are able to actually notify them of the desire to cancel.

**RESPONSE:**

Yahoo! is without knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 152 and therefore denies those allegations.

153.    The unauthorized use of the dazzlesmile mark and name has created and will continue to create actual confusion among thousands, if not tens of thousands, of consumers as to the source of the teeth whitening products they purchased as well as to where they should return their product(s) and whom they should inform that they wish to discontinue automatic shipments.

**RESPONSE:**

Yahoo! is without knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 153 and therefore denies those allegations.

154.    dazzlesmile has also received letters of inquiry from numerous states attorneys general regarding consumer confusion and the misrepresentations made by Epic, Neverblue and [*sic*]

**RESPONSE:**

Yahoo! is without knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 154 and therefore denies those allegations!.

155.    And many news outlets have run special or investigative reports describing how "dazzlesmile" or "dazzle smile" misled or deceived consumers or was a target of consumer complaints to state attorneys general, despite the "real" dazzlesmile having sold no products to those disgruntled consumers.

**RESPONSE:**

Yahoo! is without knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 155 and therefore denies those allegations.

156.    Failing to prohibit Epic, Neverblue, the Willms Defendants, AtLast and their affiliates from continuing to use the dazzlesmile mark and name will result in continued consumer confusion as well as the inability of consumers to cancel their orders and stop their credit cards from being charged by the Willms Defendants and will allow Epic, Neverblue AtLast and their affiliates to continue to reap profits from payments for deceptively obtained orders.

**RESPONSE:**

Yahoo! is without knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 156 and therefore denies those allegations.

157.    Epic, Neverblue, the Willms Defendants, At Last and their affiliates profit, and have profited, from this mass consumer confusion because the confusion allows the Willms

Defendants to continue charging debit and credit cards of consumers who want to cancel but cannot because they are confused as to the source of their teeth whitening product, thereby generating revenue with which the Willms Defendants can pay Epic and Neverblue for the ill-gotten CPAs and orders and AtLast for packaging and distributing the products and then Epic and Neverblue can pay their affiliates.

**RESPONSE:**

Yahoo! is without knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 157 and therefore denies those allegations.


158.    In addition, the conduct of Epic, the Willms Defendants and AtLast as described herein has significantly disrupted and damaged Plaintiffs' businesses and greatly diminished the value of their assets.

**RESPONSE:**

Yahoo! is without knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 158 and therefore denies those allegations.


159.    Indeed, the conduct of Epic, Neverblue, the Willms Defendants, AtLast and their affiliates has, in the span of just a few months, destroyed the dazzlesmile mark, name, website and goodwill.

**RESPONSE:**

Yahoo! is without knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 159 and therefore denies those allegations.


160.    Most, if not all, of the consumers who purchased and received teeth whitening products through or from AtLast and the Willms Defendants because of the practices discussed herein are likely lost forever to dazzlesmile.

**RESPONSE:**

Yahoo! is without knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 160 and therefore denies those allegations.

161.    Those consumers, as evidenced by the thousands of calls to dazzlesmile, are confused, mad and unhappy with the confusion surrounding dazzlesmile.  They have no intent or desire to purchase goods from dazzlesmile, regardless of dazzlesmile's superior products and customer service.

**RESPONSE:**

Yahoo! is without knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 161 and therefore denies those allegations.

162.    Thus, dazzlesmile has lost thousands of potential customers because of this conduct and will never experience the typical repurchase of teeth whitening products that it would have had with many of those potential customers.

**RESPONSE:**

Yahoo! is without knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 162 and therefore denies those allegations.

163.    But for the actions of Epic, Neverblue, the Willms Defendants, AtLast and their affiliates, many of those confused consumers likely would have purchased teeth whitening products from dazzlesmile.

**RESPONSE:**

Yahoo! is without knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 163 and therefore denies those allegations.

164.    Furthermore, many of dazzlesmile's customers, and likely their neighbors, family and friends, as well as a large segment of the consuming public and several state attorneys general now think dazzlesmile is part of the fraudulent enterprise of Epic, Neverblue, the Willms Defendants, AtLast and their affiliates when in fact there is no connection whatsoever.

**RESPONSE:**

Yahoo! is without knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 164 and therefore denies those allegations.

165.   Although the Willms Defendants have established new websites, including, but not limited to, http://www.premiumwhitepro.com and http://www.premiumwhitemax.com, they continue to use the dazzlesmile mark and name as keywords for individuals who search for teeth whitening products on internet search engines. And Epic and Neverblue are continuing to facilitate the Willms Defendants' use of the dazzlesmile mark and name through their advertising and related efforts with publishers and affiliates.

**RESPONSE:**

Yahoo! is without knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 165 and therefore denies those allegations.

166.   This loss of goodwill will lead to difficulty in retaining existing customers as well as obtaining new customers.  If a consumer now searches for dazzlesmile on a search engine, the vast majority of the responsive websites associate dazzlesmile with "scams," "fraud," unfair business practices and consumer complaints.  But the "scams," "fraud," unfair business practices and consumer complaints actually relate to the conduct and actions of Epic, Neverblue, the Willms Defendants, AtLast and their affiliates, not Plaintiffs.

**RESPONSE:**

Yahoo! is without knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 166 and therefore denies those allegations.

167.   dazzlesmile has also made efforts to continue to market and sell the actual dazzlesmile teeth whitening system, but has met with little success given the tarnished and destroyed dazzlesmile mark, name and website.  Further efforts to attempt to sell actual dazzlesmile teeth whitening products are, at this time, futile and a waste of resources.

**RESPONSE:**

Yahoo! is without knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 167 and therefore denies those allegations.

168.   dazzlesmile also has a large amount of inventory of teeth whitening products that it is now unable to effectively market or sell as a result of the conduct of Epic, the Willms Defendants and AtLast.

**RESPONSE:**

Yahoo! is without knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 168 and therefore denies those allegations.

169.    In addition, the 15,000 plus consumer calls and scores of returned products –
all of which related to products from AtLast and/or the Willms Defendants and not
dazzlesmile – has caused dazzlesmile to dedicate much time, effort and resources to
overhead and administration completely unrelated to its own products and as a direct
consequence of the actions of Epic, Neverblue, the Willms Defendants, AtLast and their
affiliates.

**RESPONSE:**

Yahoo! is without knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 169 and therefore denies those allegations.

170.    The past and ongoing damage to Plaintiffs' business and the dazzlesmile mark
and name is and has been irreparable and severe.  This small, legitimate business is now on
the verge of insolvency because of the conduct and actions set forth herein.

**RESPONSE:**

Yahoo! is without knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 170 and therefore denies those allegations.

171.    All of the harm and damages to Plaintiffs complained of in this First Amended
Verified Complaint occurred apart and separate from Epic's short-lived dazzlesmile
advertising campaign, and most, if not all, arose after Plaintiffs officially stopped Epic's
dazzlesmile advertising campaign and terminated their relationship with Epic on June 29,
2009.

**RESPONSE:**

Yahoo! is without knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 171 and therefore denies those allegations.

172.   Monetary remedies are insufficient to provide redress against the offending conduct, should it be allowed to continue.  dazzlesmile's relationship with consumers and dazzlesmile's goodwill in the community will continue to be injured if the offending conduct is not stopped immediately.

**RESPONSE:**

Yahoo! denies that monetary remedies would be insufficient to provide redress

against the conduct complained of in the First Amended Verified Complaint as those

allegations relate to Yahoo!.  Yahoo! is without knowledge or information sufficient to form

a belief as to the truth of the remaining allegations in Paragraph 172 and therefore denies

those allegations.

173.   Plaintiffs seek damages and injunctive relief preventing Epic, Neverblue, the Willms Defendants, AtLast and their affiliates from engaging in any further violation of Plaintiffs' rights as well as an order of impoundment and seizure.

**RESPONSE:**

Yahoo! admits that Plaintiffs seek damages and injunctive relief against the identified

defendants.  Yahoo! is without knowledge or information sufficient to form a belief as to the

truth of the remaining allegations in Paragraph 173 and therefore denies those allegations.

<u>**FIRST COUNT**</u>
**Federal Unfair Competition (15 U.S.C. §1125(a))**
(Against Epic, Neverblue, the Willms Defendants, AtLast and Does)

174.   Plaintiffs incorporate all of the allegations in this First Amended Verified Complaint as though fully set forth in this cause of action.

**RESPONSE:**

Yahoo! repeats and incorporates by reference its responses to each and every such

allegation.

175.    The dazzlesmile mark, name and business are entitled to protection from unfair competition under the Lanham Act.

**RESPONSE:**

The First Count to the First Amended Verified Complaint does not apply to Yahoo!,

and Yahoo! therefore denies the allegations of Paragraph 175.

176.    The actions by Epic, Neverblue, the Willms Defendants, AtLast and their affiliates detailed herein constitute unfair competition in violation of the Federal Lanham Act, 15 U.S.C. §1125(a).

**RESPONSE:**

The First Count to the First Amended Verified Complaint does not apply to Yahoo!,

and Yahoo! therefore denies the allegations of Paragraph 176.

177.    Epic, Neverblue, the Willms Defendants, AtLast and their affiliates have attempted to sell, and have sold, their goods and services by making false and deceptive representations to the consuming public generally and to dazzlesmile's existing and potential customers more specifically.

**RESPONSE:**

The First Count to the First Amended Verified Complaint does not apply to Yahoo!,

and Yahoo! therefore denies the allegations of Paragraph 177.

178.    Epic, Neverblue, the Willms Defendants, AtLast and their affiliates have made each of the false or deceptive statements with the intent of deceiving consumers into believing there is a relationship, affiliation, or sponsorship between dazzlesmile and the Willms Defendants, their products and their websites when in fact there is not.

**RESPONSE:**

The First Count to the First Amended Verified Complaint does not apply to Yahoo!,

and Yahoo! therefore denies the allegations of Paragraph 178.

179.    The false and misleading statements of Epic, Neverblue, the Willms Defendants, AtLast and their affiliates regarding dazzlesmile have not just created a

likelihood of confusion among consumers, they have created widespread, massive amounts of actual confusion that have drawn considerable media attention and attention from several state attorneys general.

**RESPONSE:**

The First Count to the First Amended Verified Complaint does not apply to Yahoo!,

and Yahoo! therefore denies the allegations of Paragraph 179.

180.    Epic, Neverblue, the Willms Defendants, AtLast and their affiliates have used and are using words, terms, names, symbols, devices, combinations thereof, false designations of origins, and false and misleading descriptions and representations of fact in connection with the sale, offer for sale, packaging, distribution and advertising of the Willms Defendants' goods.

**RESPONSE:**

The First Count to the First Amended Verified Complaint does not apply to Yahoo!,

and Yahoo! therefore denies the allegations of Paragraph 180.

181.    Epic, Neverblue, the Willms Defendants and their affiliates used the Pirated Landing Pages and Pirated Marketing Sites, among others, in commerce that contained, and contain, the dazzlesmile mark and name, including in sponsored link advertisements and on websites that compete, and competed, directly with the official http://www.dazzlesmile.com website and products.

**RESPONSE:**

The First Count to the First Amended Verified Complaint does not apply to Yahoo!,

and Yahoo! therefore denies the allegations of Paragraph 181.

182.    The Willms Defendants and AtLast have used the dazzlesmile mark and name without authorization or consent on actual products, letterhead, packaging and other stationary [sic] accompanying their teeth whitening products sold to tens of thousands of consumers.

**RESPONSE:**

The First Count to the First Amended Verified Complaint does not apply to Yahoo!,

and Yahoo! therefore denies the allegations of Paragraph 182.

183.    The actions of Epic, Neverblue, the Willms Defendants, AtLast and their affiliates in these regards and the commercial advertising, promotion, packaging and distribution of the Willms Defendants' goods misrepresents the nature, characteristics and qualities of the Willms Defendants' goods.

**RESPONSE:**

The First Count to the First Amended Verified Complaint does not apply to Yahoo!,

and Yahoo! therefore denies the allegations of Paragraph 183.

184.    As a proximate result of the conduct of Epic, Neverblue, the Willms Defendants, AtLast and their affiliates, Plaintiffs have been damaged in an amount to be proven at trial, but far in excess of $1,000,000, including, but not limited to, consequential damages.  Plaintiffs are entitled to recover all of the profits of Epic, Neverblue, the Willms Defendants, AtLast and their affiliates from their actions detailed herein as well as all of Plaintiffs' costs and reasonable attorneys' fees associated with this action.

**RESPONSE:**

The First Count to the First Amended Verified Complaint does not apply to Yahoo!,

and Yahoo! therefore denies the allegations of Paragraph 184.

185.    At all material times, Epic, Neverblue, the Willms Defendants, AtLast and their affiliates acted in bad faith, willfully, intentionally, oppressively and maliciously toward Plaintiffs, with intent to injure Plaintiffs, thereby entitling Plaintiffs to treble damages in an amount to be determined at trial.

**RESPONSE:**

The First Count to the First Amended Verified Complaint does not apply to Yahoo!,

and Yahoo! therefore denies the allegations of Paragraph 185.

186.    The above described acts of Epic, Neverblue, the Willms Defendants, AtLast and their affiliates have caused and are continuing to cause irreparable injury to dazzlesmile, for which dazzlesmile has no adequate remedy at law, and they will continue to offend unless enjoined.

**RESPONSE:**

The First Count to the First Amended Verified Complaint does not apply to Yahoo!,

and Yahoo! therefore denies the allegations of Paragraph 186.


187.    Pursuant to 15 U.S.C. §1125(b), Plaintiffs request that any goods destined to AtLast or the Willms Defendants marked or labeled with the dazzlesmile mark or name that are imported into the United States or admitted to entry at any customhouse of the United States be refused entry, seized and impounded.

**RESPONSE:**

The First Count to the First Amended Verified Complaint does not apply to Yahoo!,

and Yahoo! therefore denies the allegations of Paragraph 187.


<u>**SECOND COUNT**</u>
**Federal Trade Name Infringement (15 U.S.C. §1125(a))**
(Against Epic, Neverblue, the Willms Defendants, AtLast and Does)

188.    Plaintiffs incorporate all of the allegations in this First Amended Verified Complaint as though fully set forth in this cause of action.

**RESPONSE:**

Yahoo! repeats and incorporates by reference its responses to each and every such

allegation.


189.    The dazzlesmile name is a trade name that is entitled to protection from infringement under the Lanham Act.

**RESPONSE:**

The Second Count to the First Amended Verified Complaint does not apply to

Yahoo!, and Yahoo! therefore denies the allegations of Paragraph 189.

190.    Epic, Neverblue, the Willms Defendants, AtLast and their affiliates have used and are currently using, and used for several months, the dazzlesmile name or confusingly similar marks, names, terms or colorable imitations of the dazzlesmile name in commerce without permission and such use constitutes infringement of the dazzlesmile name.

**RESPONSE:**

The Second Count to the First Amended Verified Complaint does not apply to

Yahoo!, and Yahoo! therefore denies the allegations of Paragraph 190.

191.    Epic, the Willms Defendants and AtLast have created a likelihood of mistake and confusion, as well as actual mistake and confusion, with the dazzlesmile name in the relevant marketplace to Plaintiffs' detriment and damage, thereby constituting infringement of Plaintiffs' trade names pursuant to 15 U.S.C. §1051 et seq., particularly §1125, in that Epic, Neverblue, the Willms Defendants, AtLast and their affiliates are using in commerce counterfeit or colorable imitations of Plaintiffs' dazzlesmile trade name in connection with the sale, offering for sale, distribution, or advertising of the Willms Defendants' goods.

**RESPONSE:**

The Second Count to the First Amended Verified Complaint does not apply to

Yahoo!, and Yahoo! therefore denies the allegations of Paragraph 191.

192.    Plaintiffs never consented to, authorized or granted a license to Neverblue, the Willms Defendants, AtLast or their affiliates to use the dazzlesmile mark or name to promote, sell, package or distribute the Willms Defendants' products or in any other way whatsoever.

**RESPONSE:**

The Second Count to the First Amended Verified Complaint does not apply to

Yahoo!, and Yahoo! therefore denies the allegations of Paragraph 192.

193.    Although Optimal did consent to Epic running the dazzlesmile advertising campaign in May and June of 2009, that authorization terminated on June 29, 2009 and that authorization <u>never</u> extended to allowing the use – in any fashion – of the dazzlesmile mark or name in connection with the promotion or advertising of the products of another person or entity, such as the Willms Defendants.

**RESPONSE:**

The Second Count to the First Amended Verified Complaint does not apply to

Yahoo!, and Yahoo! therefore denies the allegations of Paragraph 193.


194.    The infringement of Epic, Neverblue, the Willms Defendants, AtLast and their affiliates is and has been willful and deliberate.

**RESPONSE:**

The Second Count to the First Amended Verified Complaint does not apply to

Yahoo!, and Yahoo! therefore denies the allegations of Paragraph 194.


195.    Because of the infringing use of the dazzlesmile name or colorable imitations of the dazzlesmile name by Epic, Neverblue, the Willms Defendants, AtLast and their affiliates, actual consumer confusion has occurred and is likely to continue occurring, and a large number of consumers are likely to continue to be deceived, confused or mistaken into thinking the Willms Defendants' goods are, or were, endorsed by, sponsored by or somehow affiliated with Plaintiffs, or are, or were, actually Plaintiffs' goods.

**RESPONSE:**

The Second Count to the First Amended Verified Complaint does not apply to

Yahoo!, and Yahoo! therefore denies the allegations of Paragraph 195.


196.    The actions of Epic, Neverblue, the Willms Defendants, AtLast and their affiliates are, and were, a willful and wanton attempt to obtain the benefits of the goodwill and reputation that Plaintiffs have established in their business and in the dazzlesmile mark and name.

**RESPONSE:**

The Second Count to the First Amended Verified Complaint does not apply to

Yahoo!, and Yahoo! therefore denies the allegations of Paragraph 196.


197.    As a proximate result of the conduct of Epic, Neverblue, the Willms Defendants, AtLast and their affiliates described herein, Plaintiffs have been damaged in an amount to be proven at trial, but far in excess of $1,000,000, including, but not limited to,

damages, lost profits, diminution in the value of goodwill, injury to business reputation and other consequential damages, and that it is entitled to recover all of the profits from their actions detailed herein.

**RESPONSE:**

The Second Count to the First Amended Verified Complaint does not apply to

Yahoo!, and Yahoo! therefore denies the allegations of Paragraph 197.

198.    The above described acts of Epic, Neverblue, the Willms Defendants, AtLast and their affiliates have caused and are continuing to cause irreparable injury to Plaintiffs, for which Plaintiffs have no adequate remedy at law, and they will continue to do so unless enjoined.

**RESPONSE:**

The Second Count to the First Amended Verified Complaint does not apply to

Yahoo!, and Yahoo! therefore denies the allegations of Paragraph 198.

<u>**THIRD COUNT**</u>
**Federal Trademark and Trade Name Dilution (15 U.S.C. §1125(c))**
(Against Epic, Neverblue, the Willms Defendants, AtLast and Does)

199.    Plaintiffs incorporate all of the allegations in this First Amended Verified Complaint as though fully set forth in this cause of action.

**RESPONSE:**

Yahoo! repeats and incorporates by reference its responses to each and every such

allegation.

200.    As a result of the duration and extent of use of the dazzlesmile mark, name and website, the investment of substantial time, energy, money and other resources to develop the dazzlesmile mark, name and website, the duration and extent of the advertising and publicity of the dazzlesmile mark, the geographical extent of the distribution of the same, the superior quality of the dazzlesmile products and services, and the degree of recognition of the dazzlesmile mark, name and website, the dazzlesmile mark and name is fanciful, famous and incontestable, and is inherently arbitrary, fanciful, distinctive or suggestive, or has otherwise acquired secondary meaning in the relevant channels of trade that refer to dazzlesmile.

**RESPONSE:**

The Third Count to the First Amended Verified Complaint does not apply to Yahoo!,

and Yahoo! therefore denies the allegations of Paragraph 200.

201.    Epic, Neverblue, the Willms Defendants, AtLast and their affiliates have commenced use in commerce of identical marks or names or at least marks confusingly similar to the dazzlesmile mark and name in connection with the promotion, advertising, offering for sale and sale of teeth whitening products or other use in commerce as an indicator of origin of goods.

**RESPONSE:**

The Third Count to the First Amended Verified Complaint does not apply to Yahoo!,

and Yahoo! therefore denies the allegations of Paragraph 201.

202.    Epic, Neverblue, the Willms Defendants, AtLast and their affiliates knowingly, intentionally and willfully used the dazzlesmile mark and name to deceive consumers into believing they were dazzlesmile or represented dazzlesmile.

**RESPONSE:**

The Third Count to the First Amended Verified Complaint does not apply to Yahoo!,

and Yahoo! therefore denies the allegations of Paragraph 202.

203.    Epic, Neverblue, the Willms Defendants, AtLast and their affiliates are or were using the dazzlesmile mark and name to steal dazzlesmile's actual and potential customers.

**RESPONSE:**

The Third Count to the First Amended Verified Complaint does not apply to Yahoo!,

and Yahoo! therefore denies the allegations of Paragraph 203.

204.    Plaintiffs never consented to, authorized or granted a license to Neverblue, the Willms Defendants, AtLast or their affiliates to use the dazzlesmile mark or name to promote, sell, package or distribute the Willms Defendants' products or in any other way whatsoever.

**RESPONSE:**

The Third Count to the First Amended Verified Complaint does not apply to Yahoo!,

and Yahoo! therefore denies the allegations of Paragraph 204.

205.    Although Optimal did consent to Epic running the dazzlesmile advertising campaign in May and June of 2009, that authorization terminated on June 29, 2009 and that authorization <u>never</u> extended to allowing the use – in any fashion – of the dazzlesmile mark or name in connection with the promotion or advertising of the products of another person or entity, such as the Willms Defendants.

**RESPONSE:**

The Third Count to the First Amended Verified Complaint does not apply to Yahoo!,

and Yahoo! therefore denies the allegations of Paragraph 205.

206.    The use of the dazzlesmile mark and name by Epic, Neverblue, the Willms Defendants, AtLast and their affiliates, including, but not limited to, in relation to the sale and marketing of teeth whitening products, tends to dilute and has, in fact, diluted, the famous nature of the dazzlesmile mark and trade name.

**RESPONSE:**

The Third Count to the First Amended Verified Complaint does not apply to Yahoo!,

and Yahoo! therefore denies the allegations of Paragraph 206.

207.    As a proximate result of the conduct of Epic, Neverblue, the Willms Defendants, AtLast and their affiliates described herein, Plaintiffs have been damaged in an amount to be proven at trial, but far in excess of $1,000,000, including, but not limited to, damages, lost profits, diminution in the value of goodwill, injury to business reputation and other consequential damages, and that it is entitled to recover all of the profits from their actions detailed herein.

**RESPONSE:**

The Third Count to the First Amended Verified Complaint does not apply to Yahoo!,

and Yahoo! therefore denies the allegations of Paragraph 207.

208.    The above described acts of Epic, Neverblue, the Willms Defendants, AtLast and their affiliates have caused and are continuing to cause irreparable injury to Plaintiffs, for which Plaintiffs have no adequate remedy at law, and they will continue to do so unless enjoined.

**RESPONSE:**

The Third Count to the First Amended Verified Complaint does not apply to Yahoo!,

and Yahoo! therefore denies the allegations of Paragraph 208.

## FOURTH COUNT
### Federal Cyber Piracy (15 U.S.C. §1125(d))
(Against the Willms Defendants and Does)

209.    Plaintiffs incorporate all of the allegations in this First Amended and Verified Complaint as though fully set forth in this cause of action.

**RESPONSE:**

Yahoo! repeats and incorporates by reference its responses to each and every such

allegation.

210.    The Willms Defendants, their affiliates and the affiliates of Epic and Neverblue have registered and used in bad faith, and continue to use in bad faith, domain names that are confusingly similar to or dilutive of the dazzlesmile mark, name and website.

**RESPONSE:**

The Fourth Count to the First Amended Verified Complaint does not apply to Yahoo!,

and Yahoo! therefore denies the allegations of Paragraph 210.

211.    The Willms Defendants, their affiliates and the affiliates of Epic and Neverblue have no intellectual property rights or any other rights in the dazzlesmile mark or name or any variations thereof.

**RESPONSE:**

The Fourth Count to the First Amended Verified Complaint does not apply to Yahoo!,

and Yahoo! therefore denies the allegations of Paragraph 211.

212.    The Willms Defendants, their affiliates and the affiliates of Epic and Neverblue have not used their respective domain names in connection with a bona fide offering of goods or services.

**RESPONSE:**

The Fourth Count to the First Amended Verified Complaint does not apply to Yahoo!,

and Yahoo! therefore denies the allegations of Paragraph 212.

213.    The Willms Defendants, their affiliates and the affiliates of Epic and Neverblue have not made non-commercial or fair use of the dazzlesmile mark and name in the web sites found at the respective domain names.

**RESPONSE:**

The Fourth Count to the First Amended Verified Complaint does not apply to Yahoo!,

and Yahoo! therefore denies the allegations of Paragraph 213.

214.    The Willms Defendants, their affiliates and the affiliates of Epic and Neverblue have intentionally diverted Plaintiffs' customers to their respective domain names where they sold those customers teeth whitening products, often with labels, stationary or letters that used the dazzlesmile mark and name without authorization.

**RESPONSE:**

The Fourth Count to the First Amended Verified Complaint does not apply to Yahoo!,

and Yahoo! therefore denies the allegations of Paragraph 214.

215.    The actions of the Willms Defendants, their affiliates and the affiliates of Epic and Neverblue have harmed the goodwill associated with the dazzlesmile mark and name and will continue to do so unless enjoined.

**RESPONSE:**

The Fourth Count to the First Amended Verified Complaint does not apply to Yahoo!,

and Yahoo! therefore denies the allegations of Paragraph 215.

216.    Pursuant to 15 U.S.C. §1125(d), Plaintiffs are entitled to an order forfeiting and canceling the Pirated Landing Pages, the Pirated Marketing Sites and similar sites and

further enjoining the Willms Defendants, their affiliates and the affiliates of Epic and Neverblue from using the domain names:  http://www.dazzlesmilepro.com; http://www.dazzlesmilepure.com; http://www.dazzlesmilenow.com; http://www.freedazzlesmile.com; http://www.dazzlesmile.org; http://wwwdazzlesmile.net [*sic*];http://www.dazzlesmile.biz; http://www.dazzlesmile.info; http://www.dazzlesmilereviews.com; http://www.celebritydazzlesmile.com; http://www.dazzlesmilefreetrial.com; http://www.dazzlesmilefreetrial.info and any other domain names owned or controlled by the Willms Defendants, their affiliates and the affiliates of Epic and Neverblue that are confusingly similar to or dilutive of the dazzlesmile mark or name.

**RESPONSE:**

The Fourth Count to the First Amended Verified Complaint does not apply to Yahoo!,

and Yahoo! therefore denies the allegations of Paragraph 216.


217.    As a proximate result of Defendants' conduct described herein, Plaintiffs have been damaged in an amount to be proven at trial, but far in excess of $1,000,000, including, but not limited to, damages, lost profits, diminution in the value of goodwill, injury to business reputation and other consequential damages, and that it is entitled to recover all of Defendants' profits from their actions detailed herein.

**RESPONSE:**

The Fourth Count to the First Amended Verified Complaint does not apply to Yahoo!,

and Yahoo! therefore denies the allegations of Paragraph 217.


218.    At all material times, the Willms Defendants, their affiliates and the affiliates of Epic and Neverblue have acted in bad faith, oppressively and maliciously toward Plaintiffs, their customers and the consuming public in general, with intent to injure Plaintiffs and consumers, thereby entitling Plaintiffs to treble damages in an amount to be determined at trial, including but not limited to, damages, lost profits and other consequential damages.

**RESPONSE:**

The Fourth Count to the First Amended Verified Complaint does not apply to Yahoo!,

and Yahoo! therefore denies the allegations of Paragraph 218.

## FIFTH COUNT
### False Patent Marking (35 U.S.C. §292)
(Against Epic, Neverblue, the Willms Defendants, AtLast and Does)

219.    Plaintiffs incorporate all of the allegations in this First Amended Verified Complaint as though fully set forth in this cause of action.

**RESPONSE:**

Yahoo! repeats and incorporates by reference its responses to each and every such

allegation.

220.    Plaintiffs bring this case of action under 35 U.S.C. §292(b).

**RESPONSE:**

The Fifth Count to the First Amended Verified Complaint does not apply to Yahoo!,

and Yahoo! therefore denies the allegations of Paragraph 220.

221.    Several publishers and affiliates of Epic, Neverblue and the Willms Defendants, and possibly the Willms Defendants themselves, had websites that advertised teeth whitening products along with an express claim that such products were "patented" or used a "patented" formula.

**RESPONSE:**

The Fifth Count to the First Amended Verified Complaint does not apply to Yahoo!,

and Yahoo! therefore denies the allegations of Paragraph 221.

222.    When a consumer on such a website clicked on link or advertisement to "purchase" the product or to obtain a "trial" or "free trial" of the product, the consumer was redirected via an Epic or Neverblue redirect to a Pirated Landing Page or other landing page of the Willms Defendants selling teeth whitening products, where the consumer would consummate the purchase, "trial" or "free trial."

**RESPONSE:**

The Fifth Count to the First Amended Verified Complaint does not apply to Yahoo!,

and Yahoo! therefore denies the allegations of Paragraph 222.

223.    The teeth whitening products sold in such situations were not in fact patented and did not in fact contain any patented formula.

**RESPONSE:**

The Fifth Count to the First Amended Verified Complaint does not apply to Yahoo!,

and Yahoo! therefore denies the allegations of Paragraph 223.

224.    In doing so, Epic, Neverblue, the Willms Defendants and their affiliates "used in advertising in connection with . . . unpatented article[s] the word 'patent' [and other] word[s] . . . indicating the same is patented, for the purpose of deceiving the public."

**RESPONSE:**

The Fifth Count to the First Amended Verified Complaint does not apply to Yahoo!,

and Yahoo! therefore denies the allegations of Paragraph 224.

225.    Defendants could not genuinely have believed that any patent applied to the products sold by the Willms Defendants.

**RESPONSE:**

The Fifth Count to the First Amended Verified Complaint does not apply to Yahoo!,

and Yahoo! therefore denies the allegations of Paragraph 225.

226.    Defendants wrongfully and illegally advertised patented products which they did not possess and, as a result, have benefited commercially and financially with false statements of patent rights.

**RESPONSE:**

The Fifth Count to the First Amended Verified Complaint does not apply to Yahoo!,

and Yahoo! therefore denies the allegations of Paragraph 226.

227.    Defendants should be fined $500 for each and every such offense, as allowed by 35 U.S.C. §292(a).

**RESPONSE:**

The Fifth Count to the First Amended Verified Complaint does not apply to Yahoo!,

and Yahoo! therefore denies the allegations of Paragraph 227.

**SIXTH COUNT**
**Common Law Infringement**
(Against Epic, Neverblue, the Willms Defendants, AtLast and Does)

228.    Plaintiffs incorporate all of the allegations in this First Amended Verified
Complaint as though fully set forth in this cause of action.

**RESPONSE:**

Yahoo! repeats and incorporates by reference its responses to each and every such

allegation.

229.    Plaintiffs own and use the dazzlesmile mark and name and enjoy common law
rights in Utah and throughout the United States in and to the dazzlesmile mark and name on
the marketing and goods set forth herein, and thus these rights are senior and superior to any
rights which Epic, Neverblue, the Willms Defendants, AtLast or their affiliates may claim in
and to their infringing marketing and products.

**RESPONSE:**

The Sixth Count to the First Amended Verified Complaint does not apply to Yahoo!,

and Yahoo! therefore denies the allegations of Paragraph 229.

230.    The use of the dazzlesmile mark and name by Epic, Neverblue, the Willms
Defendants, AtLast and their affiliates is, and was, intentionally designed to mimic
dazzlesmile products so as to likely cause confusion regarding the source of the Willms
Defendants' products, in that purchasers thereof will likely associate, and in fact have
associated, such products with, as originating with, or as approved by Plaintiffs, all to the
detriment of Plaintiffs.

**RESPONSE:**

The Sixth Count to the First Amended Verified Complaint does not apply to Yahoo!,

and Yahoo! therefore denies the allegations of Paragraph 230.

231.    As a proximate result of the conduct of Epic, Neverblue, the Willms Defendants, AtLast and their affiliates described herein, Plaintiffs have been damaged in an amount to be proven at trial, but far in excess of $1,000,000, including, but not limited to, damages, lost profits, diminution in the value of goodwill, injury to business reputation and other consequential damages, and that it is entitled to recover all of the profits from their actions detailed herein.

**RESPONSE:**

The Sixth Count to the First Amended Verified Complaint does not apply to Yahoo!,

and Yahoo! therefore denies the allegations of Paragraph 231.


232.    The above described acts of Epic, Neverblue, the Willms Defendants, AtLast and their affiliates have caused and are continuing to cause irreparable injury to Plaintiffs, for which Plaintiffs have no adequate remedy at law, and they will continue to do so unless enjoined.

**RESPONSE:**

The Sixth Count to the First Amended Verified Complaint does not apply to Yahoo!,

and Yahoo! therefore denies the allegations of Paragraph 232.


<u>**SEVENTH COUNT**</u>
**Contributory Infringement**
(Against All Defendants)

233.    Plaintiffs incorporate all of the allegations in this First Amended Verified Complaint as though fully set forth in this cause of action.

**RESPONSE:**

Yahoo! repeats and incorporates by reference its responses to each and every such

allegation.


234.    The actions of Defendants described herein, including, [*sic*] limitation, their knowledge, participation, and inducement of the unauthorized use of the dazzlesmile mark or name and confusingly similar variations thereof by others such as Epic's publishers and affiliates, in commerce to advertise, market and sell teeth whitening products throughout the United States and Utah as well in their packaging and distribution of goods in commerce

71

containing the dazzlesmile mark or name and confusingly similar variations thereof, constitutes contributory infringement in violation of federal law and the common law of the State of Utah.

**RESPONSE:**

Yahoo! denies the allegations for Paragraph 234 as they relate to Yahoo!.  Yahoo! is

without knowledge or information sufficient to form a belief as to the truth of the remaining

allegations in Paragraph 234 and therefore denies those allegations.

235.    With full knowledge of Plaintiffs' rights in the dazzlesmile mark or name, Defendants Google, Yahoo! and Microsoft sold to third-party advertisers, publishers, and affiliates the "rights" to use the either the dazzlesmile mark or name or terms confusingly similar to the dazzlesmile mark or name as part of Google's, Yahoo!'s, and Microsoft's search-engine based advertising programs.

**RESPONSE:**

Yahoo! denies the allegations for Paragraph 235 as they relate to Yahoo!.  Yahoo! is

without knowledge or information sufficient to form a belief as to the truth of the remaining

allegations in Paragraph 235 and therefore denies those allegations.

236.    When consumers then searched for "dazzlesmile" or dazzle" and "smile," together, Google's, Yahoo!'s and Microsoft's search engines would provide sponsored links on the top of, or on the side of, the "natural" search results to the infringing websites, Pirated Landing Pages, the Pirated Marketing Sites and/or similarly infringing websites.

**RESPONSE:**

Yahoo! admits that it provided sponsored links at the top of or on the right side of

search results pages for searches on the terms "dazzlesmile" or "dazzle smile," but otherwise

denies the allegations for Paragraph 236 as they relate to Yahoo!.  Yahoo! is without

knowledge or information sufficient to form a belief as to the truth of the remaining

allegations in Paragraph 236 and therefore denies those allegations.

237.    Google's, Yahoo!'s and Microsoft's sale of the dazzlesmile mark and name, or terms confusingly similar to them and the infringing websites', Pirated Landing Pages' and/or the Pirated Marketing Sites' use of the dazzlesmile mark, name or terms confusingly similar to them is and was likely to cause confusion among consumers, and constitutes infringement of Plaintiffs' rights in the dazzlesmile mark and name.

**RESPONSE:**

Yahoo! denies the allegations for Paragraph 237 as they relate to Yahoo!.  Yahoo! is

without knowledge or information sufficient to form a belief as to the truth of the remaining

allegations in Paragraph 237 and therefore denies those allegations.

238.    Through their sale of the dazzlesmile mark, name and terms confusingly similar to them to the infringing websites, Pirated Landing Pages and/or the Pirated Marketing Sites, and their encouragement of the sale of keywords that either incorporate the dazzlesmile mark, name or terms confusingly similar to them, Google, Yahoo! and Microsoft, induced the infringing websites, Pirated Landing Pages and/or the Pirated Marketing Sites to infringe the dazzlesmile mark and name and provide these advertisers with aid and material contribution to the infringing websites', Pirated Landing Pages' and/or the Pirated Marketing Sites' direct infringement of the dazzlesmile mark.

**RESPONSE:**

Yahoo! denies the allegations for Paragraph 238 as they relate to Yahoo!.  Yahoo! is

without knowledge or information sufficient to form a belief as to the truth of the remaining

allegations in Paragraph 238 and therefore denies those allegations.

239.    Defendants Google's, Yahoo!'s and Microsoft's infringement is willful and reflects their intent to exploit the goodwill and strong brand recognition associated with the dazzlesmile mark and name.

**RESPONSE:**

Yahoo! denies the allegations for Paragraph 239 as they relate to Yahoo!.  Yahoo! is

without knowledge or information sufficient to form a belief as to the truth of the remaining

allegations in Paragraph 239 and therefore denies those allegations.

240.    As a proximate result of the conduct of Defendants described herein, Plaintiffs have been damaged in an amount to be proven at trial, including, but not limited to, damages, lost profits, diminution in the value of goodwill, injury to business reputation and other consequential damages, and that it is entitled to recover all of the profits from their actions detailed herein.

**RESPONSE:**

Yahoo! denies the allegations for Paragraph 240 as they relate to Yahoo!.  Yahoo! is

without knowledge or information sufficient to form a belief as to the truth of the remaining

allegations in Paragraph 240 and therefore denies those allegations.

241.    The above described acts of Defendants have caused and are continuing to cause irreparable injury to Plaintiffs, for which Plaintiffs have no adequate remedy at law, and they will continue to do so unless enjoined.

**RESPONSE:**

Yahoo! denies the allegations for Paragraph 241 as they relate to Yahoo!.  Yahoo! is

without knowledge or information sufficient to form a belief as to the truth of the remaining

allegations in Paragraph 241 and therefore denies those allegations.

## EIGHTH COUNT
### Vicarious Infringement
(Against All Defendants)

242.    Plaintiffs incorporate all of the allegations in this First Amended Verified Complaint as though fully set forth in this cause of action.

**RESPONSE:**

Yahoo! repeats and incorporates by reference its responses to each and every such

allegation.

243.    Defendants have knowledge, or reasonably should have knowledge, that affiliates, publishers or marketers are committing trademark infringement and unfair competition.

**RESPONSE:**

Yahoo! denies the allegations for Paragraph 243 as they relate to Yahoo!.  Yahoo! is

without knowledge or information sufficient to form a belief as to the truth of the remaining

allegations in Paragraph 243 and therefore denies those allegations.

244.    Defendants profit, and have profited, from the affiliates', publishers' or
marketers' trademark infringement and unfair competition alleged herein.

**RESPONSE:**

Yahoo! denies the allegations for Paragraph 244 as they relate to Yahoo!.  Yahoo! is

without knowledge or information sufficient to form a belief as to the truth of the remaining

allegations in Paragraph 244 and therefore denies those allegations.

245.    In addition to the conduct of Epic, Neverblue, the Willms Defendants, AtLast
and their affiliates described herein, the actions of Defendants Google, MSN, and Yahoo!
described above and specifically, without limitation, their knowledge, participation, and
inducement of the unauthorized use of the dazzlesmile mark, name and confusingly similar
variations thereof, in commerce to advertise, market and sell teeth whitening products
throughout the United States and Utah, constitute vicarious infringement in violation of
federal law and the common law of the State of Utah.

**RESPONSE:**

Yahoo! denies the allegations for Paragraph 245 as they relate to Yahoo!.  Yahoo! is

without knowledge or information sufficient to form a belief as to the truth of the remaining

allegations in Paragraph 245 and therefore denies those allegations.

246.    Google, Yahoo! and Microsoft all had the right and ability to control the
conduct of Epic, Neverblue, the Willms Defendants and their affiliates by simply refusing to
run and be paid for the clearly infringing keyword-linked advertising.  This was especially
true after they had received actual notice of the infringing activity.

**RESPONSE:**

Yahoo! admits that after receiving on or about November 4, 2009, a copy of the October 19, 2009 letter, it promptly took steps to review and remove advertisements in accordance with Yahoo!'s guidelines. Yahoo! denies that is has the right and ability to control the conduct of the named defendants. Yahoo! otherwise denies the allegations for Paragraph 246 as they relate to Yahoo!. Yahoo! is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 246 and therefore denies those allegations.

247.    The affiliates', publishers' or marketers' use of the dazzlesmile mark, name or terms confusingly similar to it as keyword triggers in Google's, Yahoo!'s and Microsoft's search engine-based advertising program is and was likely to cause confusion among consumers and constitutes infringement of Plaintiffs' rights in the dazzlesmile mark and name.

**RESPONSE:**

Yahoo! denies the allegations for Paragraph 247 as they relate to Yahoo!. Yahoo! is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 247 and therefore denies those allegations.

248.    Google, Yahoo! and Microsoft also received a direct financial benefit from the unfair competition of Epic, Neverblue, the Willms Defendants and their affiliates because they were paid for and derived revenue from keyword-linked advertising associated with the infringement.

**RESPONSE:**

Yahoo! denies the remaining allegations for Paragraph 248 as they relate to Yahoo!. Yahoo! is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 248 and therefore denies those allegations.

249.    As a proximate result of Defendants' conduct described herein, Plaintiffs have been damaged in an amount to be proven at trial, but far in excess of $1,000,000, including, but not limited to, damages, lost profits, diminution in the value of goodwill, injury to business reputation and other consequential damages, and that it is entitled to recover all of Defendants' profits from their actions detailed herein.

**RESPONSE:**

Yahoo! denies the allegations for Paragraph 249 as they relate to Yahoo!.  Yahoo! is

without knowledge or information sufficient to form a belief as to the truth of the remaining

allegations in Paragraph 249 and therefore denies those allegations.

250.    The above described acts Defendants have caused and are continuing to cause irreparable injury to Plaintiffs, for which Plaintiffs have no adequate remedy at law, and Defendants will continue to do so unless enjoined.

**RESPONSE:**

Yahoo! denies the allegations for Paragraph 250 as they relate to Yahoo!.  Yahoo! is

without knowledge or information sufficient to form a belief as to the truth of the remaining

allegations in Paragraph 250 and therefore denies those allegations.

<u>**NINTH COUNT**</u>
**State Unfair Competition and Unfair or Deceptive Business Practices**
(Against Epic, Neverblue, the Willms Defendants, AtLast and Does)

251.    Plaintiffs incorporate all of the allegations in this First Amended Verified Complaint as though fully set forth in this cause of action.

**RESPONSE:**

Yahoo! repeats and incorporates by reference its responses to each and every such

allegation.

252.    The actions by Epic, Neverblue, the Willms Defendants, AtLast and their affiliates detailed herein constitute unfair competition and are a violation of various state deceptive business practices laws designed to protect consumers from confusion, including

without limitation California's statutory prohibition of false advertising, Business and Professions Code § 17500; the Colorado Consumer Protection Act, COLO. REV. STAT. §6-1-101 *et seq.*; and Utah's Unfair Competition Act, Utah Code Ann. § 13-5a-1 *et seq.*

**RESPONSE:**

The Ninth Count to the First Amended Verified Complaint does not apply to Yahoo!,

and Yahoo! therefore denies the allegations of Paragraph 252.

253.    Epic, Neverblue, the Willms Defendants, AtLast and their affiliates have attempted to sell and have sold, packaged and distributed their goods and services by making false and deceptive representations to Plaintiffs' customers and consumers in general.

**RESPONSE:**

The Ninth Count to the First Amended Verified Complaint does not apply to Yahoo!,

and Yahoo! therefore denies the allegations of Paragraph 253.

254.    The acts of Epic, Neverblue, the Willms Defendants, AtLast and their affiliates falsely represent the source and origin of teeth whitening products and are contrary to honest practice in commercial matters; they amount to the "palming off" of the Willms Defendants' teeth whitening products as those of dazzlesmile's.  Accordingly, their acts constitute unfair competition and deceptive business practices in violation of the state and common laws throughout the country within which they advertised, sold and distributed goods.

**RESPONSE:**

The Ninth Count to the First Amended Verified Complaint does not apply to Yahoo!,

and Yahoo! therefore denies the allegations of Paragraph 254.

255.    The use of Epic, Neverblue, the Willms Defendants, AtLast and their affiliates has been and continues to be in the course of business and is commercial in nature.

**RESPONSE:**

The Ninth Count to the First Amended Verified Complaint does not apply to Yahoo!,

and Yahoo! therefore denies the allegations of Paragraph 255.

256.    Epic, Neverblue, the Willms Defendants, AtLast and their affiliates have made each of the false or deceptive statements with the intent of deceiving consumers of the relationship, affiliation or sponsorship between dazzlesmile and the Willms Defendants and their websites and the Pirated Marketing Sites.

**RESPONSE:**

The Ninth Count to the First Amended Verified Complaint does not apply to Yahoo!,

and Yahoo! therefore denies the allegations of Paragraph 256.

257.    Epic, Neverblue, the Willms Defendants, AtLast and their affiliates have made each of the false or deceptive statements with the intent of undercutting Plaintiffs' legitimate business involving teeth whitening products.

**RESPONSE:**

The Ninth Count to the First Amended Verified Complaint does not apply to Yahoo!,

and Yahoo! therefore denies the allegations of Paragraph 257.

258.    The false and misleading statements of Epic, Neverblue, the Willms Defendants, AtLast and their affiliates regarding Plaintiffs will create a likelihood of confusion among consumers and has in fact created substantial actual confusion among consumers.

**RESPONSE:**

The Ninth Count to the First Amended Verified Complaint does not apply to Yahoo!,

and Yahoo! therefore denies the allegations of Paragraph 258.

259.    The use by Epic, Neverblue, the Willms Defendants, AtLast and their affiliates is an unlawful violation of various state and federal laws, as alleged herein.  Their use is unfair, as they have gained a competitive advantage by misleading and confusing dazzlesmile actual or potential customers and other consumers.  The use by Epic, Neverblue, the Willms Defendants, AtLast and their affiliates is fraudulent, as they have gained such advantage by presenting false and deceptive information to dazzlesmile actual and potential customers and other consumers.

**RESPONSE:**

The Ninth Count to the First Amended Verified Complaint does not apply to Yahoo!,

and Yahoo! therefore denies the allegations of Paragraph 259.

260.    The use by Epic, Neverblue, the Willms Defendants, AtLast and their affiliates is an infringement of Plaintiffs' trademark and trade name rights associated with the dazzlesmile mark and name.

**RESPONSE:**

The Ninth Count to the First Amended Verified Complaint does not apply to Yahoo!,

and Yahoo! therefore denies the allegations of Paragraph 260.

261.    The actions of Epic, Neverblue, the Willms Defendants, AtLast and their affiliates have materially damaged, and are materially damaging, Plaintiffs' intellectual property.

**RESPONSE:**

The Ninth Count to the First Amended Verified Complaint does not apply to Yahoo!,

and Yahoo! therefore denies the allegations of Paragraph 261.

262.    Plaintiffs are entitled to actual damages, restitution, reasonable attorneys' fees and costs as allowed by the various state laws.

**RESPONSE:**

The Ninth Count to the First Amended Verified Complaint does not apply to Yahoo!,

and Yahoo! therefore denies the allegations of Paragraph 262.

263.    The above described acts of Epic, Neverblue, the Willms Defendants, AtLast and their affiliates have caused and are continuing to cause irreparable injury to Plaintiffs, for which Plaintiffs have no adequate remedy at law, and they will continue to do so unless enjoined.

**RESPONSE:**

The Ninth Count to the First Amended Verified Complaint does not apply to Yahoo!,

and Yahoo! therefore denies the allegations of Paragraph 263.

## <u>TENTH COUNT</u>
### State Consumer Protection
(Against Epic, Neverblue, the Willms Defendants, AtLast and Does)

264.    Plaintiffs incorporate all of the allegations in this First Amended Verified Complaint as though fully set forth in this cause of action.

**RESPONSE:**

Yahoo! repeats and incorporates by reference its responses to each and every such

allegation.

265.    The actions of Epic, Neverblue, the Willms Defendants, AtLast and their affiliates are a violation of various state consumer fraud protection laws designed to protect consumers from fraud and deceptive practices, including without limitation California's statutory prohibition of unfair competition, Business and Professions Code, § 17200; the Colorado Consumer Protection Act, COLO. REV. STAT. §6-1-101 *et seq.*; and Utah's Consumer Sales Practices Act, Utah Code Ann. § 13-11-1 *et seq.*

**RESPONSE:**

The Tenth Count to the First Amended Verified Complaint does not apply to Yahoo!,

and Yahoo! therefore denies the allegations of Paragraph 265.

266.    The fraudulent and misleading advertisements and representations to consumers by Epic, Neverblue, the Willms Defendants, AtLast and their affiliates, including without limitation those described at length herein, are deceptive acts prohibited by laws protecting consumers in the various states.

**RESPONSE:**

The Tenth Count to the First Amended Verified Complaint does not apply to Yahoo!,

and Yahoo! therefore denies the allegations of Paragraph 266.

267.    Epic, Neverblue, the Willms Defendants, AtLast and their affiliates have intentionally, willfully and knowingly committee [*sic*] such deceptive acts.

**RESPONSE:**

The Tenth Count to the First Amended Verified Complaint does not apply to Yahoo!,

and Yahoo! therefore denies the allegations of Paragraph 267.

268.    The deceptive acts of Epic, Neverblue, the Willms Defendants, AtLast and their affiliates are unconscionable and damage the public good.

**RESPONSE:**

The Tenth Count to the First Amended Verified Complaint does not apply to Yahoo!,

and Yahoo! therefore denies the allegations of Paragraph 268.

269.    The use by Epic, Neverblue, the Willms Defendants, AtLast and their affiliates is unlawful, as a violation of various state and federal laws, as alleged herein.

**RESPONSE:**

The Tenth Count to the First Amended Verified Complaint does not apply to Yahoo!,

and Yahoo! therefore denies the allegations of Paragraph 269.

270.    The use by Epic, Neverblue, the Willms Defendants, AtLast and their affiliates is unfair, because it is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers.

**RESPONSE:**

The Tenth Count to the First Amended Verified Complaint does not apply to Yahoo!,

and Yahoo! therefore denies the allegations of Paragraph 270.

271.    The use by Epic, Neverblue, the Willms Defendants, AtLast and their affiliates is fraudulent, as they have presented false and misleading information to Plaintiffs' actual and potential customers and other consumers, which is likely to deceive and which in fact has deceived.

**RESPONSE:**

The Tenth Count to the First Amended Verified Complaint does not apply to Yahoo!,

and Yahoo! therefore denies the allegations of Paragraph 271.

272.    The actions of Epic, Neverblue, the Willms Defendants, AtLast and their affiliates have damaged, and are damaging, dazzlesmile's existing and prospective business relations with customers.

**RESPONSE:**

The Tenth Count to the First Amended Verified Complaint does not apply to Yahoo!,

and Yahoo! therefore denies the allegations of Paragraph 272.

273.    Plaintiffs are entitled to actual damages, in an amount far in excess of $1,000,000, to be determined at trial, and costs and attorneys' fees.

**RESPONSE:**

The Tenth Count to the First Amended Verified Complaint does not apply to Yahoo!,

and Yahoo! therefore denies the allegations of Paragraph 273.

274.    The above described acts of Epic, Neverblue, the Willms Defendants, AtLast and their affiliates have caused and are continuing to cause irreparable injury to Plaintiffs for which Plaintiffs have no adequate remedy at law, and they will continue to do so unless enjoined.

**RESPONSE:**

The Tenth Count to the First Amended Verified Complaint does not apply to Yahoo!,

and Yahoo! therefore denies the allegations of Paragraph 274.

## ELEVENTH COUNT
### Misappropriation
(Against Epic, Neverblue, the Willms Defendants, AtLast and Does)

275.    Plaintiffs incorporate all of the allegations in this First Amended Verified Complaint as though fully set forth in this cause of action.

**RESPONSE:**

Yahoo! repeats and incorporates by reference its responses to each and every such

allegation.

276.    Plaintiffs are the owners of the valuable dazzlesmile mark and name and the goodwill associated therewith by virtue of their investment of substantial time, money and effort.

**RESPONSE:**

The Eleventh Count to the First Amended Verified Complaint does not apply to

Yahoo!, and Yahoo! therefore denies the allegations of Paragraph 276.

277.    Epic, Neverblue, the Willms Defendants, AtLast and their affiliates have misappropriated Plaintiffs' intellectual property for their own use, without Plaintiffs' permission, and with no compensation to Plaintiffs.

**RESPONSE:**

The Eleventh Count to the First Amended Verified Complaint does not apply to

Yahoo!, and Yahoo! therefore denies the allegations of Paragraph 277.

278.    Epic, Neverblue, the Willms Defendants, AtLast and their affiliates have reaped the benefits of Plaintiffs' creativity and efforts without the same cost that Plaintiffs have incurred in developing the dazzlesmile mark, name, website and business.

**RESPONSE:**

The Eleventh Count to the First Amended Verified Complaint does not apply to

Yahoo!, and Yahoo! therefore denies the allegations of Paragraph 278.

279.    Plaintiffs have been damaged and will continue to be damaged as a direct and proximate result of the misappropriation and related efforts of Epic, Neverblue, the Willms Defendants, AtLast and their affiliates.  Plaintiffs are therefore entitled to an award of actual damages to be proven at trial.

**RESPONSE:**

The Eleventh Count to the First Amended Verified Complaint does not apply to

Yahoo!, and Yahoo! therefore denies the allegations of Paragraph 279.

280.    The conduct of Epic, Neverblue, the Willms Defendants, AtLast and their affiliates is willful, malicious and undertaken with deliberate disregard for Plaintiffs' rights. Plaintiffs are therefore entitled to an award of exemplary and punitive damages.

**RESPONSE:**

The Eleventh Count to the First Amended Verified Complaint does not apply to

Yahoo!, and Yahoo! therefore denies the allegations of Paragraph 280.

## TWELFTH COUNT
### Civil Conspiracy
(Against Epic, Neverblue, the Willms Defendants, AtLast and Does)

281.    Plaintiffs incorporate all of the allegations in this First Amended Verified Complaint as though fully set forth in this cause of action.

**RESPONSE:**

Yahoo! repeats and incorporates by reference its responses to each and every such

allegation.

282.    Epic, Neverblue, the Willms Defendants, AtLast and their affiliates, in connection with the conduct described herein, agreed by words and conduct to utilize unlawful and improper means to accomplish an unlawful and improper goal of confusing consumers, stealing customers and income from Plaintiffs, and utilizing Plaintiffs' well-known name and exceptional customer service as a target at which to focus confused or deceived customers.

**RESPONSE:**

The Twelfth Count to the First Amended Verified Complaint does not apply to

Yahoo!, and Yahoo! therefore denies the allegations of Paragraph 282.

283.    Numerous unlawful and improper acts were performed by Epic, Neverblue, the Willms Defendants, AtLast and their affiliates, in concert, to accomplish these unlawful purposes.

**RESPONSE:**

The Twelfth Count to the First Amended Verified Complaint does not apply to

Yahoo!, and Yahoo! therefore denies the allegations of Paragraph 283.

284.    As a direct and proximate result of such conduct, Plaintiffs have suffered substantial losses and damages.

**RESPONSE:**

The Twelfth Count to the First Amended Verified Complaint does not apply to

Yahoo!, and Yahoo! therefore denies the allegations of Paragraph 284.

### THIRTEENTH COUNT
**Fraud**
(Against Epic)

285.    Plaintiffs incorporate all of the allegations in this First Amended and Verified Complaint as though fully set forth in this cause of action.

**RESPONSE:**

Yahoo! repeats and incorporates by reference its responses to each and every such

allegation.

286.    After Plaintiffs refused to employ the deceptive advertising techniques being demanded by Epic and its publishers and after, but possibly before, Plaintiffs stopped and terminated the Epic dazzlesmile advertising campaign, Epic contrived and implemented a scheme:  (1) to continue using, allowing, approving or encouraging its affiliates, publishers or other advertisers (including, but not limited to, the Willms Defendants) to use or continue using the dazzlesmile mark and name in their advertising campaigns or in the advertising campaigns of others, without Plaintiffs' authorization, knowledge or consent; and (2) to profit greatly from the CPAs and other payments received by Epic for orders by consumers for teeth whitening products that were sold as a result of, or in relation to, advertising campaigns that used the dazzlesmile mark or name in whatever manner those advertisers, publishers and affiliates could generate the most orders.

**RESPONSE:**

The Thirteenth Count to the First Amended Verified Complaint does not apply to

Yahoo!, and Yahoo! therefore denies the allegations of Paragraph 286.

287.    On information and belief, Epic has attempted to cloak itself with legitimacy by adopting a new name and through purported "compliance" efforts and the like, but, in reality, Epic, just like "Azoogle" before it, encourages and allows deceptive practices, such as pop-up exit clicks and hidden terms and conditions, because doing so greatly increases its profits.  That is why Epic had demanded Plaintiffs utilize more deceptive tactics during the legitimate dazzlesmile advertising campaign prior to the Willms Defendants stealing the dazzlesmile name, mark and website layout.

**RESPONSE:**

The Thirteenth Count to the First Amended Verified Complaint does not apply to

Yahoo!, and Yahoo! therefore denies the allegations of Paragraph 287.

288.    On information and belief, the likely scheme began after the initial dazzlesmile advertising campaign showed great success in a short period of time and when Plaintiffs expressed, as detailed herein, dissatisfaction with the deceptive tactics of the dazzlesmile advertising campaign being run for Plaintiffs by Epic and when Plaintiffs attempted to legitimize the advertising campaign with efforts that would have reduced consumer confusion and deception, such as requiring the "I Agree" click in relation to the terms and conditions.

**RESPONSE:**

The Thirteenth Count to the First Amended Verified Complaint does not apply to

Yahoo!, and Yahoo! therefore denies the allegations of Paragraph 288.

289.    The scheme continued, gained momentum and came to fruition after the legitimate dazzlesmile advertising campaign ended and the relationship with Optimal terminated.

**RESPONSE:**

The Thirteenth Count to the First Amended Verified Complaint does not apply to

Yahoo!, and Yahoo! therefore denies the allegations of Paragraph 289.

290.    The scheme continued when, on information and belief, Epic allowed, encouraged or knowingly or intentionally assisted its other advertisers, publishers and affiliates (including, but not limited to, the Willms Defendants) into using the dazzlesmile mark or name in advertising campaigns, landing pages, advertisements, URLs, blogs and the like in relation to the marketing and selling of teeth whitening products of individuals and entities other than Plaintiffs.

**RESPONSE:**

The Thirteenth Count to the First Amended Verified Complaint does not apply to

Yahoo!, and Yahoo! therefore denies the allegations of Paragraph 290.

291.    At a minimum, the scheme consisted of Epic knowingly receiving, reviewing and approving of infringing advertisements, landing pages and affiliate pages that were supplied to it by the Willms Defendants or their affiliates.

**RESPONSE:**

The Thirteenth Count to the First Amended Verified Complaint does not apply to

Yahoo!, and Yahoo! therefore denies the allegations of Paragraph 291.

292.    Given that Epic had helped create and run the "real" dazzlesmile advertising campaign, it had actual and constructive notice of, among other things, the content and protected nature of the dazzlesmile mark, name and website

**RESPONSE:**

The Thirteenth Count to the First Amended Verified Complaint does not apply to

Yahoo!, and Yahoo! therefore denies the allegations of Paragraph 292.

293.    Epic has profited greatly from the fraudulent advertising campaigns discussed above.  Indeed, based on a market rate of approximately $40 per CPA and upon Plaintiffs having received over 15,000 calls and emails from disgruntled consumers of the Willms Defendants, Epic has probably received well over $400,000 as a result of the scheme.

**RESPONSE:**

The Thirteenth Count to the First Amended Verified Complaint does not apply to

Yahoo!, and Yahoo! therefore denies the allegations of Paragraph 293.

294.    Epic knew, or reasonably should have known, that the numerous orders and CPAs from advertisers for teeth whitening products for which it received payment after June 29, 2009 were a direct result of deceptive and infringing advertisements that contained or used the dazzlesmile mark or name without permission, authorization, knowledge or consent from Plaintiffs.

**RESPONSE:**

The Thirteenth Count to the First Amended Verified Complaint does not apply to

Yahoo!, and Yahoo! therefore denies the allegations of Paragraph 294.

295.    The representations by Epic, as more fully detailed throughout this First Amended Verified Complaint, that it would stop the dazzlesmile advertising campaign, that it would protect Plaintiffs' intellectual property, including trademarks and trade names, and that it conducted its advertising campaign and business practices legitimately and fairly and in compliance with various laws and purported policies regarding ethical behavior by its publishers, at the time they were made, were false and materially misleading as evidenced by, among other things, Epic webpage redirects and numerous Epic firing pixels discovered in the HTML source codes of the various infringing and deceptive landing pages, affiliate pages and advertisements.  At the very least, Epic made these representations with a reckless disregard for their truth or falsity and failed to exercise reasonable care when it made these representations.

**RESPONSE:**

The Thirteenth Count to the First Amended Verified Complaint does not apply to

Yahoo!, and Yahoo! therefore denies the allegations of Paragraph 295.

296.    At the time Epic made each of the aforementioned representations, it either knew each such representation was false or it made each such representation recklessly, knowing that Plaintiffs had insufficient knowledge on which to base the representations.

**RESPONSE:**

The Thirteenth Count to the First Amended Verified Complaint does not apply to

Yahoo!, and Yahoo! therefore denies the allegations of Paragraph 296.

297.    Each of the representations by Epic set forth herein was material to Plaintiffs' decisions, among others, to stop the dazzlesmile advertising campaign and terminate the

relationship with Epic without demanding the return or destruction of all of the materials that it previously had provided to Epic or had created jointly with Epic or its publishers or affiliates and without requiring some further assurance that Epic would not use, or allow others to use, the dazzlesmile mark or name in the future.

**RESPONSE:**

The Thirteenth Count to the First Amended Verified Complaint does not apply to

Yahoo!, and Yahoo! therefore denies the allegations of Paragraph 297.

298.    Plaintiffs were, at all times, unaware of the falsity of such representations, and they did act reasonably in relying thereon because of the seemingly straightforward nature of stopping the dazzlesmile advertising campaign and terminating their relationship with Epic and of Epic thereafter protecting and not disclosing Plaintiffs' intellectual property.

**RESPONSE:**

The Thirteenth Count to the First Amended Verified Complaint does not apply to

Yahoo!, and Yahoo! therefore denies the allegations of Paragraph 298.

299.    Plaintiffs did, in fact, reasonably rely on such representations and were induced, among other things, to stop the dazzlesmile advertising campaign and terminate the relationship with Epic without demanding the return or destruction of all of the materials that it previously had provided to Epic or had created jointly with Epic or its publishers or affiliates and without requiring some further assurance that Epic would not use, or allow others to use, the dazzlesmile mark or name in the future.

**RESPONSE:**

The Thirteenth Count to the First Amended Verified Complaint does not apply to

Yahoo!, and Yahoo! therefore denies the allegations of Paragraph 299.

300.    Plaintiffs have been injured and damaged by the fraud and misrepresentations of Epic in an amount to be proven at trial, but far in excess of $1,000,000, plus accrued interest at the highest rate allowed by law, plus punitive damages because the acts and omissions of Epic were the result of willful and malicious and intentionally fraudulent conduct or conduct that manifests a knowing and reckless indifference toward, and a disregard of, the rights of Plaintiffs.

**RESPONSE:**

The Thirteenth Count to the First Amended Verified Complaint does not apply to

Yahoo!, and Yahoo! therefore denies the allegations of Paragraph 300.

301.    The above described acts of Epic have caused and are continuing to cause
irreparable injury to Plaintiffs, for which Plaintiffs have no adequate remedy at law, and Epic
will continue to do so unless enjoined by this Court.

**RESPONSE:**

The Thirteenth Count to the First Amended Verified Complaint does not apply to

Yahoo!, and Yahoo! therefore denies the allegations of Paragraph 301.

## FOURTEENTH COUNT
**Racketeering Influenced and Corrupt Practices (18 U.S.C. §1964)**
(Against Epic, Neverblue, the Willms Defendants, AtLast and Does)

302.    Plaintiffs incorporate all of the allegations in this First Amended Verified
Complaint as though fully set forth in this cause of action.

**RESPONSE:**

Yahoo! repeats and incorporates by reference its responses to each and every such

allegation.

303.    At all times relevant to this action, Epic, Neverblue, the Willms Defendants,
AtLast, their affiliates and each of them individually were "persons" as that term is defined
in Section 1961(3) of RICO, 18 U.S.C. § 1961(3).

**RESPONSE:**

The Fourteenth Count to the First Amended Verified Complaint does not apply to

Yahoo!, and Yahoo! therefore denies the allegations of Paragraph 303.

304.    At all times relevant to this action, Epic, Neverblue, the Willms Defendants,
AtLast and their affiliates acting together, or each of them acting individually or partly

together, were an "enterprise" as that term is defined in Section 1961(4) of RICO, 18 U.S.C. § 1961(4), engaged in or affecting trade or commerce.

**RESPONSE:**

The Fourteenth Count to the First Amended Verified Complaint does not apply to

Yahoo!, and Yahoo! therefore denies the allegations of Paragraph 304.

305.    At all times relevant to this action, Epic, Neverblue, the Willms Defendants, AtLast and their affiliates, and each of them, did willfully and with the purpose to defraud Plaintiffs and consumers, engage in fraudulent conduct, including acts constituting:  (a) mail fraud, in violation of 18 U.S.C. §1341; (b) wire fraud, in violation of 18 U.S.C. §1343; and (c) interstate transportation of money taken by fraud, in violation of 18 U.S.C. § 2314 by engaging in at least the following acts, as more fully detailed above:

   a.    Conspiring together, either intentionally, willfully, maliciously, recklessly or knowingly, to copy and steal the dazzlesmile mark and name and landing page layout and substance in order to create infringing advertisements and internet web pages containing infringing advertisements for selling teeth whitening products;

   b.    Advertising and selling teeth whitening products over the internet that contained the dazzlesmile mark and name without Plaintiffs' consent, knowledge or authorization;

   c.    Advertising and using an auto-ship or "continuity plan" in conjunction with selling teeth whitening product containing the dazzlesmile mark or name without clearly disclosing to consumers that the offer was not in fact "free," but that by signing up to receive the introductory promotion, those consumers were in fact signing up to be auto-shipped additional teeth whitening products; that their credit or debit cards would be automatically billed, without additional notice; and that such charges would continue until the goods were successfully returned, despite the confusion they had created over where and how to return the goods.

   d.    Creating labels, packaging and stationary [*sic*] used in teeth whitening products sold over the internet and sent to thousands of consumers via U.S. mail that contained the dazzlesmile mark or name without Plaintiffs' consent, knowledge or authorization;

   e.    Intentionally, willfully, maliciously, recklessly or knowingly creating a confusing array of contact information, advertisements and websites in order to deflect, and in fact deflecting, massive amounts of negative consumer feedback,

consumer complaints and consumer cancellations and returns to dazzlesmile as opposed to themselves; [*sic*]

**RESPONSE:**

The Fourteenth Count to the First Amended Verified Complaint does not apply to

Yahoo!, and Yahoo! therefore denies the allegations of Paragraph 305.

306.    As a result of the foregoing fraudulent activities, Epic, Neverblue, the Willms Defendants, AtLast and their affiliates have engaged in a pervasive pattern of unlawful and unfair business practices, causing harm to Plaintiffs and tens of thousands of consumers.

**RESPONSE:**

The Fourteenth Count to the First Amended Verified Complaint does not apply to

Yahoo!, and Yahoo! therefore denies the allegations of Paragraph 306.

307.    The fraudulent conduct of Epic, Neverblue, the Willms Defendants, AtLast and their affiliates, as described herein, constitutes a scheme or artifice to defraud Plaintiffs and consumers.

**RESPONSE:**

The Fourteenth Count to the First Amended Verified Complaint does not apply to

Yahoo!, and Yahoo! therefore denies the allegations of Paragraph 307.

308.    In furtherance of and for purposes of executing the above-described fraudulent and illegal course of conduct and scheme to defraud, Epic, Neverblue, the Willms Defendants, AtLast and their affiliates either individually or in combination with themselves, used and caused to be used the U.S. mail by:

a.    placing and causing to be placed (either by themselves or their affiliates or by consumers) teeth whitening products, letters, stationary [*sic*], marketing and sales materials, advertisements, agreements and other matters in depositories;

b.    by removing or causing to be removed letters and other mailable matters from depositories, in violation of the mail fraud statute, 18 U.S.C. § 1341;

c.    by auto-shipping, via combination of the internet and U.S. mail, teeth whitening products, letter and other stationary [*sic*] containing the dazzlesmile mark or name to thousands of consumers; and

    d.    by encouraging or directing consumers, either expressly or implicitly, to use interstate mail to contact dazzlesmile and attempt to return products or to complain about billing practices or product quality, when such consumers in fact had no relationship with dazzlesmile.

**RESPONSE:**

The Fourteenth Count to the First Amended Verified Complaint does not apply to

Yahoo!, and Yahoo! therefore denies the allegations of Paragraph 308.

309.    In furtherance of and for purposes of executing the above-described fraudulent and illegal course of conduct and scheme or artifice to defraud, Epic, Neverblue, the Willms Defendants, AtLast and their affiliates either individually or in combination with themselves, used or caused to be used interstate wire communications to transmit or disseminate false, fraudulent and misleading communications and information, in violation of the wire fraud statute, 18 U.S.C. § 1343. The use by Epic, Neverblue, the Willms Defendants, AtLast and their affiliates of interstate wire facilities included, but is not limited to:

    a.    deceptively advertising various teeth whitening products on the internet through a variety of means, as more fully detailed herein;

    b.    participating in interstate telephone calls directly with consumers regarding infringing or counterfeit dazzlesmile products;

    c.    encouraging or directing consumers, either expressly or implicitly, to use interstate telephone calls or electronic mail to contact dazzlesmile and complain about billing practices or product quality, when such consumers in fact had no relationship with dazzlesmile; and

    d.    auto-billing consumers for products that were auto-shipped to those consumers containing the infringing or counterfeit dazzlesmile mark or name.

**RESPONSE:**

The Fourteenth Count to the First Amended Verified Complaint does not apply to

Yahoo!, and Yahoo! therefore denies the allegations of Paragraph 309.

310.    In furtherance of and for purposes of executing the above-described fraudulent and illegal course of conduct and scheme or artifice to defraud, Epic, Neverblue, the Willms Defendants, AtLast and their affiliates either individually or in combination with themselves, [*sic*]

**RESPONSE:**

The Fourteenth Count to the First Amended Verified Complaint does not apply to

Yahoo!, and Yahoo! therefore denies the allegations of Paragraph 310.

311.    Each of the numerous mailings, interstate wire communications and interstate transportations that were made in furtherance of the scheme of Epic, Neverblue, the Willms Defendants, AtLast and their affiliates to defraud Plaintiffs and consumers constitute separate and distinct acts of "racketeering activity," as that term is defined in Section 1961(1) of RICO, 18 U.S.C. § 1961(1).

**RESPONSE:**

The Fourteenth Count to the First Amended Verified Complaint does not apply to

Yahoo!, and Yahoo! therefore denies the allegations of Paragraph 311.

312.    The fraudulent and deceptive activities engaged in by Epic, Neverblue, the Willms Defendants, AtLast and their affiliates, and each of them, in advertising and selling infringing or counterfeit teeth whitening products to consumers, in directing disgruntled consumers to Plaintiffs' customer service, and in deflecting complaints and criticisms regarding the products and billing practices to dazzlesmile affect interstate commerce.

**RESPONSE:**

The Fourteenth Count to the First Amended Verified Complaint does not apply to

Yahoo!, and Yahoo! therefore denies the allegations of Paragraph 312.

313.    As alleged herein, Epic, Neverblue, the Willms Defendants, AtLast and their affiliates have caused their affiliated entities to advertise, market, sell and deliver infringing or counterfeit teeth whitening products throughout the United States.

**RESPONSE:**

The Fourteenth Count to the First Amended Verified Complaint does not apply to

Yahoo!, and Yahoo! therefore denies the allegations of Paragraph 313.

314.    By committing such offenses, which victimized Plaintiffs and tens of thousands of consumers, which offenses continue today and are likely to continue in the

future, Epic, Neverblue, the Willms Defendants, AtLast and their affiliates, and each of them, have engaged in a "pattern of racketeering activity," as that term is defined in Section 1961(5) of RICO, 18 U.S.C. §1961(5).

**RESPONSE:**

The Fourteenth Count to the First Amended Verified Complaint does not apply to

Yahoo!, and Yahoo! therefore denies the allegations of Paragraph 314.

315.    At all times relevant to this action, Epic, Neverblue, the Willms Defendants, AtLast and their affiliates, and each of them, have conducted or participated, directly or indirectly, in the management and operation of an "enterprise," as defined in §98; namely, among others, Epic, Farend, Just Think Media, AtLast, the Pirated Landing Pages and/or the Pirated Marketing Sites, through a pattern of racketeering activity, in violation of RICO, 18 U.S.C. § 1962.

**RESPONSE:**

The Fourteenth Count to the First Amended Verified Complaint does not apply to

Yahoo!, and Yahoo! therefore denies the allegations of Paragraph 315.

316.    At all times relevant to this action, Epic, Neverblue, the Willms Defendants, AtLast and their affiliates, and each of them, have conspired to conduct or participate, directly or indirectly, in the management and operation of an "enterprise," as identified in § 98; namely, among others, Epic, Farend, Just Think Media, AtLast, the Pirated Landing Pages and/or the Pirated Marketing Sites, through a pattern of racketeering activity, in violation of RICO, 18 U.S.C. § 1962.

**RESPONSE:**

The Fourteenth Count to the First Amended Verified Complaint does not apply to

Yahoo!, and Yahoo! therefore denies the allegations of Paragraph 316.

317.    Plaintiffs (as well as consumers who purchased infringing or counterfeit teeth whitening products) have been injured in their business or property and, therefore, have standing to sue Epic, Neverblue, the Willms Defendants, AtLast and their affiliates and recover damages and the costs of bringing this action under RICO, 18 U.S.C. § 1964(c).

**RESPONSE:**

The Fourteenth Count to the First Amended Verified Complaint does not apply to

Yahoo!, and Yahoo! therefore denies the allegations of Paragraph 317.

318.    By virtue of their violations of RICO, 18 U.S.C. §1962, Epic, Neverblue, the Willms Defendants, AtLast and their affiliates, and each of them, are jointly and severally liable to Plaintiffs for three times the damages that Plaintiffs suffered as a result of their scheme to defraud.

**RESPONSE:**

The Fourteenth Count to the First Amended Verified Complaint does not apply to

Yahoo!, and Yahoo! therefore denies the allegations of Paragraph 318.

319.    Plaintiffs have been injured and damaged by the racketeering activities of Epic, Neverblue, the Willms Defendants, AtLast and their affiliates in an amount to be proven at trial, but far in excess of $1,000,000, plus accrued interest at the highest rate allowed by law, plus treble damages and punitive damages because the acts and omissions of Epic, Neverblue, the Willms Defendants, AtLast and their affiliates were the result of willful and malicious and intentionally fraudulent conduct or conduct that manifests a knowing and reckless indifference toward, and a disregard of, the rights of Plaintiffs.

**RESPONSE:**

The Fourteenth Count to the First Amended Verified Complaint does not apply to

Yahoo!, and Yahoo! therefore denies the allegations of Paragraph 319.

320.    The above described acts of Epic, Neverblue, the Willms Defendants, AtLast and their affiliates have caused and are continuing to cause irreparable injury to Plaintiffs, for which Plaintiffs have no adequate remedy at law, and they will continue to do so unless enjoined by this Court.

**RESPONSE:**

The Fourteenth Count to the First Amended Verified Complaint does not apply to

Yahoo!, and Yahoo! therefore denies the allegations of Paragraph 320.

## AFFIRMATIVE DEFENSES

First Affirmative Defense

Further answering as an affirmative defense, Plaintiffs' claims fail because, upon information and belief, Plaintiffs' alleged dazzlesmile mark is not an enforceable trademark of Plaintiffs.

Second Affirmative Defense

Further answering as an affirmative defense, Yahoo! states it has acted in good faith at all times with respect to the allegations in the First Amended Verified Complaint, and Yahoo!'s conduct never has been willful.

Third Affirmative Defense

Further answering as an affirmative defense, use of Plaintiff's marks in connection with advertisements on Yahoo!, to the extent use exists and complies with Yahoo!'s guidelines, constitutes permissible fair use.

Fourth Affirmative Defense

Further answering as an affirmative defense, Plaintiffs' First Amended Verified Complaint fails to state a claim upon which relief can be granted.

Fifth Affirmative Defense

Further answering as an affirmative defense, Yahoo! is not liable for contributory infringement.

Sixth Affirmative Defense

Further answering as an affirmative defense, Yahoo! is not liable for vicarious infringement.

Yahoo! reserves the right to assert additional defenses that may be discovered during the course of further discovery and investigation.

WHEREFORE, Yahoo! respectfully requests that the Court dismiss the First Amended Verified Complaint with prejudice as it relates to Yahoo!, that the Court award Yahoo! its costs and attorney's fees in connection with this action (the claims are being made as they relate to Yahoo! for an improper purpose; and/or are unwarranted by existing law or by frivolous argument; and/or do not have evidentiary support and will not have evidentiary support after a reasonable opportunity for further investigation or discovery), and that the Court award such other relief as it deems appropriate.

## COUNTERCLAIM

For its counterclaim against counter-defendants dazzlesmile, LLC, and Optimal Health Science, LLC, counter-plaintiff Yahoo! Inc. ("Yahoo!") alleges as follows:

## JURISDICTION AND VENUE

1.      The Court has subject matter jurisdiction over this cause of action pursuant to 28 U.S.C. §§ 1331, 1338, 1367, 2201, and 2202. The Court further has subject matter

jurisdiction over this cause of action pursuant to 28 U.S.C. § 1332(a) because the parties are completely diverse and the amount in controversy exceeds the jurisdictional amount.

## THE PARTIES

2.      Upon information and belief, counter-defendant Optimal Health Science, LLC ("Optimal") is a Utah limited liability company with its headquarters in Salt Lake City, Utah.

3.      Upon information and belief, counter-defendant dazzlesmile ("dazzlesmile") is a Utah limited liability company, with its headquarters in Salt Lake City, Utah.  dazzlesmile manufactures and distributes the dazzlesmile "on the go" teeth whitening system. dazzlesmile is a wholly-owned subsidiary of Optimal.

4.      Yahoo! is a Delaware corporation and does business throughout the United States, including within the State of Minnesota.  It is headquartered and maintains a principal place of business at 701 First Avenue, Sunnyvale, California, 94089.

5.      Optimal and dazzlesmile allege that Yahoo! is liable for contributory and vicarious infringement resulting from sponsored listings keyed to the term 'dazzlesmile' via Yahoo!'s Internet search engine.

## COUNT I

## DECLARATORY JUDGMENT THAT YAHOO!'S ACTIONS AS ALLEGED HEREIN CANNOT CONSTITUTE CONTRIBUTORY OR VICARIOUS INFRINGEMENT

6.      Yahoo realleges and incorporates by reference the allegations set forth in the preceding paragraphs as if fully set forth herein.

100

7.    Yahoo brings this action for declaratory judgment pursuant to 28 U.S.C. §§2201 and 2202, as to the relevant rights, liabilities, and obligations of Yahoo and Optimal and dazzlesmile with respect to Yahoo!'s actions as alleged herein.

8.    To the extent that Yahoo! permitted sponsored listings keyed to the term 'dazzlesmile' or 'dazzle smile,' Yahoo!'s actions cannot constitute contributory or vicarious infringement.

## PRAYER FOR RELIEF

WHEREFORE, Yahoo! respectfully requests the Court to enter judgment:

A.    Declaring that Yahoo!'s actions as alleged herein cannot constitute contributory or vicarious infringement;

B.    Enjoining Optimal and dazzlesmile, their agents, servants, employees, attorneys, and affiliates, and those persons or entities in active concert or participation with them who receive actual notice of the order by personal service or otherwise, from interfering with Yahoo!'s business related to Internet search, either directly through action against Yahoo! or indirectly through actions against businesses who contract with Yahoo! relating to sponsored listings, or from threatening litigation or otherwise making statements that Yahoo! and/or Yahoo!'s customers have violated, infringed or are violating or infringing any rights of Optimal and/or dazzlesmile;

C.    Awarding Yahoo! its reasonable costs and expenses, including attorneys' fees, incurred;

D.    Awarding Yahoo! all pre and post judgment interest allowed by law; and

     E.       Awarding Yahoo! any other relief that this Court deems just and proper.

**JURY TRIAL DEMANDED**

Yahoo! demands a trial by jury on all causes of action so triable.

                        Respectfully submitted,

Date: <u>April 13, 2010</u>       <u>/s/ Ryan L. Marshall           </u>
                        Ryan L. Marshall
                        BRINKS HOFER GILSON & LIONE
                        222 South Main Street, Suite 1930
                        Salt Lake City, UT 84101-2001
                        (801) 355-7900 (phone)
                        (801) 355-7901 (fax)

                        David S. Fleming
                        Howard S. Michael
                        Joshua S. Frick
                        Virginia Wolk
                        BRINKS HOFER GILSON & LIONE
                        455 North Cityfront Plaza Drive, Suite 3600
                        Chicago, Illinois  60611
                        (312) 321-4200 (phone)
                        (312) 321-4299 (fax)

                        Attorneys for Defendant Yahoo! Inc.

102

<u>Certificate of Service</u>

I certify that a true copy of the foregoing document was served electronically through the ECF system to all counsel of record registered to receive electronic filings, and that I have caused paper copies to be delivered to all counsel of record not so registered, if any.

Date:  <u>April 13, 2010</u>                         <u>/s/ Ryan L. Marshall              </u>